WHITE v. MICHIGAN CONSOLIDATED GAS COMPANY.

1. WORKMEN'S COMPENSATION—AWARD—EVIDENCE.
An order of the workmen's compensation commission awarding compensation to an injured employee must be based on competent evidence.

2. SAME—FINDING OF FACT—EVIDENCE.
Findings of fact by the workmen's compensation commission are binding upon the Supreme Court if such findings are supported by competent evidence (CL 1948, § 413.12).

3. SAME—MODIFICATION OF AWARD—CHANGE OF PHYSICAL CONDITION.
An award of workmen's compensation may be modified by a showing of a change in the physical condition that affects the earning power of the injured party.

4. SAME—SUPREME COURT—COMMISSION'S FAILURE TO MAKE FINDING ON MATERIAL ISSUES—EVIDENCE.
The Supreme Court may examine testimony taken at a hearing by the workmen's compensation commission, which had failed to make a finding upon a material issue, in order to determine whether there is any competent evidence to support the award.

5. SAME—AWARD—EVIDENCE.
Portion of order of workmen's compensation commission requiring payment of compensation for period of nearly 19 months which elapsed between hearing held by the commission and

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] See, generally, 58 Am Jur, Workmen's Compensation §§ 450, 481.
[2] 58 Am Jur, Workmen's Compensation § 483.
[3] 58 Am Jur, Workmen's Compensation § 501.
[3] Workmen's compensation: Construction and effect of provisions in relation to new or new and further disability. 72 ALR 1125.
[4] 58 Am Jur, Workmen's Compensation §§ 474, 476.
[4] Necessity, form, and contents of findings of fact to support administrative determinations relating to workmen's compensation. 146 ALR 123.

order made .by it requiring the payment *held,* without sustain-
ing evidence with regard to the injured party's physical con-
dition, hence, such portion of the order is set aside.

Appeal from Workmen's Compensation Commis-
sion.  Submitted January 6, 1955.  (Docket No. 51,
Calendar No. 46,303.)   Decided March 9, 1955.

Albert White presented his claim for compensa-
tion for injuries received while in the employ of
Michigan Consolidated Gas Company.  Plaintiff, on
appeal from deputy to commission, received award
on basis of continued total disability.  Defendant ap-
peals.  Reversed.

*Dann & Rosenbaum,* for plaintiff.

*A. D. Ruegsegger* and *Dyer, Angell & Meek,* for
defendant.

KELLY, J.  On November 10, 1952, a deputy com-
missioner of the workmen's compensation commis-
sion awarded compensation to appellee-employee "at
the rate of $21 per week for total disability from
May 21, 1951 to February 6, 1952 and at the rate of
$21 per week for partial disability from April 2,
1952 to August 18, 1952," because of a knee injury
resulting from an accident on August 27, 1949.  The
award of the deputy commissioner further deter-
mined that "the plaintiff's disability  *  *  *  ceased
as of August 18, 1952."

On November 24, 1952, appellee-employee filed ap-
plication with the commission for review of the dep-
uty commissioner's findings.  Appellant elected not
to appeal, and on January 12, 1953, paid the com-
pensation awarded by the deputy commissioner.

At the request of the appellee an extension of
time to March 3, 1953, in which to file transcript was

granted by the commission. A year passed without appellee filing his brief. Appellee's brief was filed on April 15, 1954; appellant's brief on April 30, 1954, and on June 4, 1954, the commission filed its opinion and order.

In its opinion the commission held that the record proved that appellee-employee was still disabled on November 7, 1952, being the date of the hearing, and consequently was entitled to compensation "from August 18, 1952 until the further order of the commission."

Appellant-employer's petition for leave to appeal was granted by this Court on September 8, 1954. Appellant's statement of question involved is as follows:

"Does the workmen's compensation commission have power or authority to enter an order directing the payment of compensation to the date of the order and until the further order of the commission based solely on a finding that the claimant was disabled on the date of the hearing held 18 months previously where there is no evidence of the claimant's physical condition since the date of the hearing?"

Appellant is not contesting the validity of the commission's order insofar as it requires payment of compensation for the period of time prior to the hearing, which began on November 6, 1952. Appellant contends that there is no evidence in the record that appellee was disabled during the 18-month period elapsing between the deputy commissioner's findings on November 10, 1952, and the commission's opinion and order of June 4, 1954.

The record establishes beyond question that there was no evidence submitted to the commission in regard to the appellee's physical condition since the date of the hearing 18 months previous to the commission's opinion and order.

The order of the commission awarding compensation must be based upon competent evidence. In *Foley* v. *Detroit United Railway,* 190 Mich 507, 516, this Court said:

"To sustain its award the board[1] must have been able to find from competent testimony a continuing partial incapacity to properly perform the work of a motorman, in which claimant was engaged at the time of the accident."

Findings of fact by the commission are binding upon this Court if such findings are supported by competent evidence.[2]

It is an accepted principle of law in this State that an award of compensation may be modified by a showing of a change in the physical condition that affects the earning power of the injured employee. *Goines* v. *Kelsey Hayes Wheel Co.,* 294 Mich 156, 158, 159. In that case, this Court also said:

"It is well settled that if the department[3] fails to make a finding upon a material issue, we may examine the testimony taken at the hearing to determine whether there is any competent evidence to support the award."

There is no evidence sustaining the commission's order of June 4, 1954, for compensation payments for the period from November 6, 1952, to June 4, 1954, and the order of the commission to the extent that the same requires payment of compensation

---

[1] The board, here referred to, was the industrial accident board whose powers and duties have been transferred to the workmen's compensation commission. See CL 1948, § 408.6 (Stat Ann 1950 Rev § 17.6[6]).—REPORTER.

[2] See CL 1948, § 413.12 (Stat Ann 1950 Rev § 17.186).—REPORTER.

[3] The department, here referred to, was the department of labor and industry, whose powers and duties with respect to workmen's compensation have been transferred to the workmen's compensation commission. See CL 1948, § 408.6 (Stat Ann 1950 Rev § 17.6[6]).—REPORTER.

benefits for periods subsequent to November 7, 1952, is set aside. Costs to appellant.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.

SMITH, J., took no part in the decision of this case.