HOOPER *v.* COMMONWEALTH INDUSTRIES, INC.

1. WORKMEN'S COMPENSATION—FINDING OF WORKMEN'S COMPENSA-
   TION APPEAL BOARD—PROXIMATE CAUSE—DISABILITY—WAGE LOSS
   —EVIDENCE.
   Finding of workmen's compensation appeal board that plaintiff's
   injury and disability was due to causes and conditions char-
   acteristic of and peculiar to the business of the employer and
   arose out of and in the course of his employment as a common
   laborer doing unusually heavy, strenuous work involving a
   hazard of back injury in excess of that attending employment
   *in general, and as to period of disability and wage loss held,*
   fully supported by evidence.

2. SAME—LEAVE TO APPEAL—DISMISSAL.
   Ground for appeal from award of workmen's compensation appeal
   board that is not pursued by brief or argument after leave to
   appeal in nature of certiorari was granted thereon, necessi-
   tates dismissal of writ.

3. SAME—AVERAGE WEEKLY WAGE—LEAVE TO APPEAL.
   Award is allowed to stand against defendant employer which
   claimed that the average weekly wage of plaintiff injured
   employee should have been computed by the workmen's com-
   pensation appeal board on a more equitable basis because of
   special circumstances, where, after leave to appeal in nature
   of certiorari had been granted because of such representation,
   the employer failed to sustain its special appeal (CL 1948,
   § 412.11).

Appeal from Workmen's Compensation Appeal
Board. Submitted January 10, 1958. (Docket No.
42, Calendar No. 47,130.) Writ of certiorari dis-
missed April 14, 1958.

REFERENCES FOR POINTS IN HEADNOTES
[2] 58 Am Jur, Workmen's Compensation §§ 526, 527.
[3] 58 Am Jur, Workmen's Compensation § 530 *et seq.*

Hurley Hooper presented his claim against Commonwealth Industries, Inc., employer, and Lumbermen's Mutual Casualty Company, insurer, for compensation because of injury to back. Award to plaintiff. Writ of certiorari, previously granted, dismissed and award allowed to stand.

*Zwerdling & Zwerdling* (*Morris Zwerdling,* of counsel), for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin,* for defendants.

PER CURIAM. In this workmen's compensation case the appeal board awarded plaintiff compensation for total disability from January 14, 1955, through February 5, 1955; awarded him partial compensation for specific sums and specific short periods thereafter ending December 10, 1955, and ordered that "from December 10, 1955, until the further order of the workmen's compensation department," plaintiff receive "partial compensation at the rate of 2/3 of the difference' between plaintiff's average weekly wage of $115.92 and his wages each week."

The findings of fact of the appeal board, all fully supported by evidence, were summarized by the board as follows:

"The work which plaintiff performed for defendant up to January 13, 1955, described above, was unusually heavy, strenuous work which involved a hazard of back injury in excess of that attending employment in general. It was common labor. The course of such work caused the injury and back condition in question. The injury and disability is due to causes and conditions characteristic of and peculiar to the business of the employer and arose out of and in the course of his employment. The

date of injury and date of disablement is January 13, 1955, the last day on which plaintiff was engaged in the work which caused the disablement. Plaintiff has been totally disabled since January 13, 1955, from performing the work he was doing on and prior to that date. Such disability still existed at the time of hearing. The disablement is primarily due to the injury in question and not to plaintiff's build, general physical make-up or minor congenital anomalies. Plaintiff's wage loss since January 13, 1955, for which compensation will be provided herein, is due to his disability caused by the injury and inability to perform the heavy work which he did prior to January 13, 1955. Such inability has caused certain layoffs when light work has not been available. Plaintiff alleges that from February 7, 1955, he is entitled to recover compensation on a weekly basis representing his full wage loss. Compensation cannot be granted on that basis. However, plaintiff is entitled to receive partial compensation on a weekly basis representing 2/3 of his wage loss not to exceed $38 per week."

Defendants duly applied for leave to appeal in the nature of certiorari. In their brief supporting the application defendants insisted that "special circumstances" (see section 11 of part 2 of the workmen's compensation act; CL 1948, § 412.11 [Stat Ann 1950 Rev § 17.161]) were shown in evidence and that the average weekly wage reflected in the award "should have been computed on a more equitable basis."

Since on the facts as found the application apparently presented an unsettled question of law (arising as claimed under said section 11), we granted leave January 16, 1957. Now that the cause has been submitted we find that counsel have failed to sustain their specific appeal to said section 11. In substantial lieu thereof, counsel urge under *White* v. *Michigan Consolidated Gas Co.*, 342 Mich 160, "that there is no evidence whatsoever to support the de-

partment's finding of a continuing disability subsequent to February 7, 1956, and February 9, 1956."

Since review was granted solely on strength of representation of counsel that the proofs legally called for application of the "special circumstance" proviso of said section 11, and since appellants have failed to pursue the point in brief and argument, we dismiss the writ and allow the award to stand.

So far as *White* v. *Michigan Consolidated Gas Co., supra,* might otherwise be concerned, we refer to our latest opinion in that case (*White* v. *Michigan Consolidated Gas Co.,* 352 Mich 201).

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.

CARR, J., concurred in the result.