MAKI v. HANNA IRON ORE DIVISION

WORKMEN'S COMPENSATION—APPEAL BOARD—FINDINGS OF FACT—
REVIEW.

  Whether plaintiff's loss of earnings was causally related to an
  accident is a question of fact for determination by the fact
  finder in a workmen's compensation case; therefore, where
  the hearing referee and the workmen's compensation appeal
  board both rejected the employer's contention that it trans-
  ferred plaintiff from the job in which he had been employed
  at the time of the accident to lesser paying jobs for reasons
  wholly unrelated to the accident and the appeal board's find-
  ing of proximate causality is based upon record proof or
  permissible inference from testimony presented, the Court
  of Appeals is powerless to change the result. Const 1963,
  art 6, § 28, MCLA § 413.12).

Appeal from Workmen's Compensation Appeal
Board. Submitted Division 3 April 30, 1970, at
Marquette. (Docket No. 6,408.) Decided June 1,
1970. Leave to appeal denied August 12, 1970. See
383 Mich 816.

Claim by Richard Maki against Hanna Iron Ore
Division of National Steel Corporation, for differ-
ential workmen's compensation. The compensation
benefits awarded plaintiff affirmed by the workmen's
compensation appeal board. Defendant appeals.
Affirmed.

---

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Workmen's Compensation § 503.

*Santini, Jacobs & McDonald,* for plaintiff.

*Humphrey & Weis,* for defendant.

Before: FITZGERALD, P. J., and J. H. GILLIS and O'HARA,* JJ.

PER CURIAM. On March 14, 1966, plaintiff Richard Maki, while working as a stope miner for the defendant National Steel Corporation, fell on his right shoulder, injuring his arm and hand. National paid him compensation until he returned to work on April 4, 1966. On that date, plaintiff requested that he be returned to the mines to work as a stope miner— a job he had held without complaint for 36 years. As a stope miner, plaintiff's average weekly earnings were $186. National refused and assigned plaintiff to work as a lunchroom attendant, earning $101.24 per week. On December 10, 1966, plaintiff was given work as a fuse cutter, again earning $101.24 per week.

Plaintiff filed a claim for workmen's compensation and asserted that residuals to his right shoulder, right arm, and hand prevented him from working as a stope miner; and that, as a result of his fall, he had been transferred to his new tasks, suffering a loss of wages. His claim was for differential compensation benefits. Before the hearing referee, plaintiff testified that his right hand was numb as a result of the fall; and that this condition interfered with his work as a fuse cutter. There was also testimony which tended to show that because of such numbness plaintiff would have been unable to work as a stope miner, had defendant given him the opportunity to do so.

---

* Former Supreme Court Justice, sitting on Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The hearing referee found as a fact that plaintiff had suffered a reduction in wage-earning capacity, as a result of injuries sustained on March 14, 1966. Accordingly, plaintiff was awarded compensation benefits. The workmen's compensation appeal board affirmed the award, and defendant appeals.

On appeal, defendant seeks reversal of the award on the ground that plaintiff failed to establish a causal connection between the injuries sustained on March 14, 1966 and plaintiff's disability for work as a stope miner. Defendant argues that plaintiff was transferred to lesser paying jobs for reasons wholly unrelated to the accident of March 14. We are told in its brief that plaintiff was assigned to less hazardous work "because of previous loss of sight of one eye, loss of hearing in one ear and other age disabilities and not because of any disability due to personal injury."

Whether plaintiff's loss of earnings was causally related to the accident of March 14, 1966, is a question of fact for determination by the fact finder. As stated in *Scroggins* v. *Corning Glass Company* (1969), 382 Mich 628, 630:

"Proximate causality is a determination within the province of the fact finder. We are constrained by the Constitution [Const 1963, art 6, § 28] and statute [MCLA § 413.12 (Stat Ann 1968 Rev § 17.186)] to accept the findings of fact by the workmen's compensation appeal board if supported by any evidence in the record."

In this case both the hearing referee and the appeal board specifically rejected defendant's contention that it transferred plaintiff for reasons unrelated to his fall. We quote the relevant portions of the opinion of the appeal board written by member Mahinske:

"Although it is defendant's position that the incident of March 14, 1966, in no way bore on its decision to remove plaintiff from underground work, I note with interest that it was not until such incident came to pass that defendant took the action it has taken in removing plaintiff from underground work. It is difficult for me to disassociate the compensable incident of March 14, 1966, from plaintiff's subsequent reduction in classification and wage loss. It is my opinion that the fact of the happening of the incident of March 14, 1966, was a material consideration, if not the moving consideration, in defendant's subsequent downgrading of plaintiff's work classification.

"With this position, the referee below appears to have agreed. Referee Gregory found that plaintiff's reduction in wage-earning capacity was a result of the injury he sustained on March 14, 1966. With such finding, I agree."

Since the appeal board's finding of proximate causality is based upon record proof or permissible inference from the testimony presented, we are powerless to change the result. *Scroggins* v. *Corning Glass Company, supra; Mitchell* v. *Metal Assemblies, Inc.* (1967), 379 Mich 368; *Johnson* v. *Vibradamp Corporation* (1968), 381 Mich 388.

Affirmed. Costs to plaintiff.