## LYCZYNSKI v. MOHAWK LUMBER & SUPPLY COMPANY

### OPINION OF THE COURT

1. WORKMEN'S COMPENSATION — TEMPORARY TOTAL DISABILITY — AWARD "UNTIL FURTHER ORDER".

    Workmen's compensation benefits for temporary total disability may be, in a proper case, awarded "until further order."

2. WORKMEN'S COMPENSATION — TEMPORARY TOTAL DISABILITY — AWARD "UNTIL FURTHER ORDER" — FINALITY.

    An award of workmen's compensation benefits for temporary total disability "until further order" does not finally determine the right to compensation; a petition to stop or modify benefits is permissible where a claimant's physical condition has changed.

3. WORKMEN'S COMPENSATION — AWARD "UNTIL FURTHER ORDER" — EVIDENCE — REASONABLE PREDICTION.

    A prerequisite for making a workmen's compensation award for

---

REFERENCE FOR POINTS IN HEADNOTES

[1, 5, 6]  58 Am Jur, Workmen's Compensation §§ 283, 501.
[2, 3]  58 Am Jur, Workmen's Compensation § 501.
[4]  58 Am Jur, Workmen's Compensation §§ 530, 532.
[7, 9, 10]  58 Am Jur, Workmen's Compensation § 283.
[8]  58 Am Jur, Workmen's Compensation § 450 *et seq.*
[11]  58 Am Jur, Workmen's Compensation § 440.
[12]  58 Am Jur, Workmen's Compensation § 499 *et seq.*

temporary total disability "until further order" is the existence of competent evidence upon which a finding can be made of continuing disability as a matter of reasonable prediction.

4. WORKMEN'S COMPENSATION—APPEAL AND ERROR—SCOPE OF RE-VIEW.

The sole question on review in a workmen's compensation case is whether any evidence exists to support the award.

5. WORKMEN'S COMPENSATION—AWARD "UNTIL FURTHER ORDER"—EVIDENCE.

A finding that a workmen's compensation claimant is disabled at the date of the hearing is insufficient to support an award for temporary total disability "until further order".

6. WORKMEN'S COMPENSATION — TEMPORARY TOTAL DISABILITY — AWARD "UNTIL FURTHER ORDER" — EVIDENCE.

Order requiring payment of workmen's compensation benefits for temporary total disability "until further order" to a claimant who had suffered toe and ankle injuries was not supported by any competent evidence and was reversed where the claimant stated at the hearing only that he was not then able to work, the claimant's physician stated that the toe injury would be healed in six weeks and that he could not say how long the ankle injury would take to heal, and where the injury was not of such a nature that it could be concluded that the injury was a continuing one.

### DISSENT BY LEVIN, J.

7. WORKMEN'S COMPENSATION — CONTINUING DISABILITY ORDER — APPEAL AND ERROR — SCOPE OF REVIEW.

*Appellate review of a Workmen's Compensation Appeal Board's decision affirming a continuing disability order is limited to an inquiry whether "any evidence whatever" exists to support a finding of continuing disability.*

8. WORKMEN'S COMPENSATION—CONTINUING DISABILITY—REASONABLE PREDICTION—EVIDENCE.

*Sufficient evidence existed to support a finding of continuing disability as a matter of reasonable prediction in the case of a workmen's compensation claimant who had suffered an ankle injury where claimant's physician testified that claimant was disabled by reason of the tear of the medial supporting ligaments of the right foot and ankle from activity involving*

*a twist or turn and that the medial aspect of the right ankle would give way.*

9. WORKMEN'S COMPENSATION—CESSATION OF DISABILITY—EMPLOYER'S REMEDY.

*An employer is not obligated to pay workmen's compensation benefits after disability has ceased; if the employer claims that after the compensation hearing its injured employee has ceased to be disabled, the employer may apply to the Workmen's Compensation Appeal Board for the taking of additional testimony.*

10. WORKMEN'S COMPENSATION—CONTINUING DISABILITY—CESSATION OF DISABILITY—EVIDENCE—APPEAL AND ERROR.

*An appellate court may not properly substitute its judgment as to whether a workmen's compensation claimant's disability continued for the 27 months between the referee's finding and the award's affirmance by the Workmen's Compensation Appeal Board where the employer did not apply to the Board for the taking of additional testimony and there thus is no concrete evidence that claimant's disablement did not continue during that time.*

11. WORKMEN'S COMPENSATION—CONTINUING DISABILITY—EVIDENCE—BURDEN OF PROOF—REASONABLE PREDICTION.

*Requiring an injured workmen's compensation claimant, who claims a continuing disability, to prove at the time of hearing that his then condition will inevitably continue throughout the time consumed by appeals to the Workmen's Compensation Appeal Board, the Court of Appeals, and the Supreme Court, imposes on the claimant a totally unreasonable burden of proof; it is sufficient if there is evidence to support a finding of continuing disability as a matter of reasonable prediction.*

12. WORKMEN'S COMPENSATION—CESSATION OF DISABILITY—EMPLOYER'S REMEDY.

*The remedy of an employer who contends that an injured workman's physical condition has changed since the hearing to determine eligibility for workmen's compensation benefits is a petition to stop or decrease compensation, or a motion before the Workmen's Compensation Appeal Board, before its decision is announced to submit additional testimony regarding cessation of disability.*

Appeal from Workmen's Compensation Appeal Board. Submitted Division 1 January 12, 1971, at Detroit. (Docket No. 8493.) Decided May 18, 1971. Leave to appeal denied, 385 Mich 780.

Ervin A. Lyczynski presented his claim for workmen's compensation against Mohawk Lumber & Supply Company and American Insurance Company. Compensation awarded. Defendants appeal by leave granted. Affirmed in part and reversed in part.

*Metry, Metry, Sanom, Ashare & Goldman* (by *Frederick E. Metry* and *Dennis Matulewicz*), for plaintiff.

*John E. Miley* (*Vincent F. McAuliffe*, of counsel), for defendants.

Before: V. J. BRENNAN, P. J., and FITZGERALD and LEVIN, JJ.

V. J. BRENNAN, P. J. Defendants were granted leave to appeal from an October 22, 1969, order of the Workmen's Compensation Appeal Board which had affirmed an order of a referee awarding compensation benefits to plaintiff from September 11, 1966, "until further order of the department".

Plaintiff, at age 17, was hired by the Mohawk Lumber Company on November 13, 1965. On November 15, he was injured when he fell from a lift truck on which he was riding and it ran over his foot. Defendants paid compensation benefits from November 16, 1965 to January 9, 1966. Plaintiff returned to work on January 10, 1966, and worked part-time until the summer when he switched to full-time work. In September, 1966, he quit work.

On November 7, 1966, plaintiff applied for a hearing, claiming he was again disabled due to his 1965

injury. The hearing was held in June, 1967, and on July 3, 1967, the referee held that plaintiff was disabled as alleged and awarded compensation from September 11, 1966, until further order.

Defendants appealed the matter to the appeal board and on February 15, 1968, the parties argued the case. Twenty months later and more than two years after the original hearing, the appeal board affirmed the referee's order for payment of compensation "until further order of the department." By leave granted, defendants now appeal the board's decision.

Defendants do not contest the findings of disability and the award of compensation through the time of the referee's decision in 1967. Defendants, however, complain that the order requiring payment of compensation during the more than two years that the case was in appellate deliberation and to date is unsupported by any evidence of continued disability during that time. We agree.

Since the board was faced with a claim for temporary total disability, it is clear that they could, in a proper case, award compensation until further order. *White* v. *Michigan Consolidated Gas Company* (1958), 352 Mich 201.[1] Such order does not finally determine rights to compensation; a petition to modify or stop is permissible where a claimant's physical condition has changed. *Goines* v. *Kelsey Hayes Wheel Co.* (1940), 294 Mich 156. A prerequisite to making this type of order would be the existence of competent evidence upon which the appeal board can make a finding of continuing disability as a matter of reasonable prediction. See the second *White* case, *supra,* 211.

---

[1] This case was twice before the Supreme Court of Michigan. The first *White* case is reported at 342 Mich 160.

The only findings made by the referee and the appeal board were: (1) the plaintiff suffered an injury arising out of and in the course of his employment; (2) the injury encompassed both his ankle and his great toe; and (3) that plaintiff again became disabled on September 11, 1966, and was still disabled when the proofs were closed. Since the board made no finding concerning *continued* disability, this Court may examine the testimony taken at the hearing to determine whether there is any competent evidence to support the award. *Goines* v. *Kelsey Hayes Wheel Co., supra.*

Virtually all of the testimony on plaintiff's prognosis came from Dr. Kaplan, who was treating him at the time. He stated that he had surgically removed the nail on plaintiff's toe, that plaintiff would not be able to wear a regular shoe[2] on his foot for a couple weeks, and that it would heal completely in six weeks. The doctor said that he didn't expect any trouble with the toe after that. On the subject of defendant's ankle, Dr. Kaplan felt that defendant had suffered a severe sprain with ligamentous tear resulting in traumatic arthritis. He further testified that while this condition is disabling and takes a long time to mend, he could not say whether plaintiff was presently disabled, since he hadn't treated the ankle since July of 1966.

When the referee handed down his decision four weeks after the close of proofs, it is a reasonable inference from the proofs that plaintiff's toe was not infected and that he could wear a regular shoe on his right foot.

The scope of review in workmen's compensation cases is extremely limited; the sole question on review is whether there is any evidence to support

---

[2] At the time of the hearing, plaintiff wore an open-toed shoe.

the award. *Mitchell* v. *Metal Assemblies, Inc.* (1967), 379 Mich 368; *Maki* v. *Hanna Ore Division* (1970), 24 Mich App 258; *Scroggins* v. *Corning Glass Company* (1969), 382 Mich 628; MCLA § 413-.12 (Stat Ann 1968 Rev § 17.186). Applying this test to the facts, we find that there was absolutely no competent evidence that plaintiff would continue to be disabled after June 7, 1967. The plaintiff himself testified only that he was not able to work at the time of the hearing. Dr. Kaplan, who was then his doctor, testified that he didn't expect plaintiff to have any more trouble with his toe and that he could not give an opinion as to plaintiff's ankle. Nor do we feel that this is the type of case where the board would be justified in concluding that the injury was a continuing one on the basis of the nature of the injury.[3]

Thus, this case is analogous to the first *White* case wherein the Court reversed an award of benefits "until further order" due to a complete lack of evidence on the continuance of the claimant's disability. A mere finding that the claimant was disabled at the date of the hearing is insufficient.

Furthermore, we do not feel, as plaintiff suggests, that the second *White* case has changed the holding in the first. In *Hollingsworth* v. *Auto Specialties Manufacturing Company* (1958), 352 Mich 255, 267, 268, the Court said:

"While we think there are situations where our holding in the first *White* case may properly apply,

[3] In *Redfern* v. *Sparks-Withington Co.* (1958), 353 Mich 286, the Court felt that an award of compensation until further order was justified because of the nature of the injury. There the claimant suffered a psychological disorder described as conversion hysteria; it had not been responsive to any treatment. Here, as in the first *White* case, the injury is organic in nature. The only medical testimony on the subject is that the injury should mend without complication.

and we do not seek to overrule that case, this is not to subscribe to the evidently growing notion in some quarters that our decision in that case means that the appeal board in workmen's compensation cases must, henceforth, in every instance have spanking-fresh testimony before it before it dare make any findings or reach a contrary award. We find nothing in the *White* case or the act to sustain any such necessity and we do not want lightly to get abroad the notion that the appeal board must in every case resort to the cumbersome and delaying (and expensive) expedient of taking or permitting the taking of additional testimony in order either to affirm or upset any findings or awards made by the referee."

In view of the nature of the illness, the lack of testimony concerning the claimant's prognosis, and the more than two-year delay between the hearing and the decision of the appeal board, we feel that this is a situation where the first *White* case may properly be applied.

Insofar as the order of the appeal board requires payment of compensation benefits for periods after June 7, 1967, the order is reversed without prejudice to the right of plaintiff to later make a claim for and submit proofs of disability after that date.

Reversed in part; affirmed in part.

Fitzgerald, J., concurred.

Levin, J. (*dissenting*). By a constitutional provision and the governing statute and judicial decisions, we are limited in our review of the decision of the Workmen's Compensation Appeal Board to an inquiry whether there is "any evidence whatever" to support a finding of continuing disability.[1]

---

[1] MCLA § 413.12 (Stat Ann § 17.186); Const 1963, art 6, § 28; *Thornton* v. *Luria-Dumes Co-Venture* (1956), 347 Mich 160, 162;

While the record would not support a finding of disability attributable to the toe beyond the date of the referee's decision on July 3, 1967,[2] there was sufficient evidence to support a finding of continuing disability because of the injury to the ankle.

The testimony of the physician who treated the ankle that plaintiff Ervin A. Lyczynski was disabled by reason of the tear of the medial supporting ligaments of the right foot and ankle from activity involving a twist or turn, and that the medial aspect of the right ankle would give way as described by Lyczynski,[3] is sufficient to permit "a finding of con-

---

*Coates* v. *Continental Motors Corporation* (1964), 373 Mich 461, 466.

[2] On May 30, 1967, Dr. Kaplan operated on Lyczynski and permanently removed the nail on the infected toe. Dr. Kaplan said that the toe would be completely healed in about six weeks and that in his opinion Lyczynski would not have further problems with the toe.

[3] In addition to the testimony of Dr. Kaplan, referred to in the majority opinion, Lyczynski presented the testimony of another physician who examined him on April 26, 1967, shortly before the hearing on June 5–7, 1967. That physician's testimony, as recited in the opinion of the Workmen's Compensation Appeal Board, was that Lyczynski "had tears of the medial supporting ligaments of the right foot and ankle", that in his opinion the condition described was caused by the traumatic incident of November 15, 1965, that a therapeutic exercise program was indicated and if this failed surgery should be considered, and that Lyczynski was disabled from activity involving a "twist or a turn with respect to this right lower extremity which involved the knee or the ankle, that the weakness of the supporting structures of the medial aspect of the right ankle would give way as he described".

A physicain called by the employer testified that he examined Lyczynski on March 17, 1967, and that in his opinion Lyczynski was not disabled. His testimony was noted by the appeal board in its opinion.

The appeal board's opinion also recited Lyczynski's testimony that he could not work "because of my infected toe and my ankle. My right ankle bothered me. I couldn't work," and his statement that his foot "kept on giving out on me and I had no support in it. I wasn't able to, you know, coordinate myself."

The appeal board also noted Dr. Kaplan's testimony that he had removed the nail on Lyczynski's infected toe and that his diagnosis was "hypertrophied nail due to trauma and he also had a traumatic arthritis of the ankle." Dr. Kaplan last examined Lyczynski's ankle in July, 1966. He said it was disabling at the time and that Lyczynski "went back to his physician who was treating it." Thereafter, Dr. Kaplan treated only the toe.

tinuing disability as a matter of reasonable prediction." *White* v. *Michigan Consolidated Gas Co.* (1958), 352 Mich 201, 211.

The ankle may well have healed between the June, 1967 hearing and the appeal board's decision on October 22, 1969, affirming the referee's decision of July 3, 1967. The delay of 27 months between the referee's decision and the appeal board's decision is regrettable. The further delay of 19 months between the appeal board's decision and the decision of our Court is also unfortunate. And there may still be further delay if Lyczynski seeks and obtains leave to appeal from the Supreme Court.

It is, indeed, the law that an employer is not obliged to pay compensation after disability has ceased. If the employer claims that after the hearing the injured employee ceased to be disabled, the employer may apply to the appeal board for the taking of additional testimony.[4] In this case, the employer did not avail itself of that remedy. We may not properly substitute doubts as to whether

---

The appeal board concluded that Lyczynski was disabled when the proofs were closed in June, 1967, and affirmed the referee's order awarding compensation from September 11, 1966 to June 7, 1967 and "until further order of the department."

The appeal board made no express finding that Lyczynski's disability would continue beyond the time of hearing, June, 1967. We may, however, as my colleagues and I appear to agree, properly infer that it found continuing disability from the fact that it affirmed the referee's order awarding compensation until the further order of the department. See *Thomas* v. *Griffin Wheel Company* (1967), 8 Mich App 35, 46.

4 "The appeal board may order the taking of additional testimony, either on its own motion or on the application of one or both of the parties when it considers that such action shall be taken in the furtherance of justice. If the opposite party desires to contest such an application, an answer must be filed within 10 days. The appeal board will consider the application and answer, if any, without oral argument of the parties and enter an order either granting or denying the application. If the application is granted, the opposite party will be permitted to present rebuttal testimony." Workmen's Compensation Appeal Board Rules of Practice, R 408.50, Rule 20; 1954 ACS 21, p 23.

the disablement continued for 27 additional months for concrete evidence that it did not.

The first *White* case[5] does not require reversal of the appeal board. There the Court found that the record presented[6] did not support a finding of continuing disability. In the first *White* case the employer was successful before the department, and it was the employee who appealed. There was a delay of 18 months between the decision appealed and the decision of the appeal tribunal favorable to the employee. The delay was largely attributable to the employee's attorney; his brief was not filed until 16 months after the departmental decision. The delay was counted as an adverse factor against the employee, the Court saying (p 162) that "there was no evidence submitted to the [appeal tribunal] in regard to the appellee's physical condition since the date of the hearing 18 months previous to the commission's opinion and order".[7]

White, undaunted, filed a further application with the department and again prevailed before the appeal board. The employer's appeal to the Supreme Court in the second *White* case is reported ten volumes later in the reports, *White* v. *Michigan Consolidated Gas Co.* (1958), 352 Mich 201, 203, 204,

---

[5] *White* v. *Michigan Consolidated Gas Company* (1955), 342 Mich 160.

[6] The nature of the record in the first *White* case is not set forth in the Court's opinion. The Court concluded its opinion saying only that there was no evidence sustaining the order awarding compensation for a period after the date of the departmental hearing.

[7] In this case of Lyczynski the delay in decision is not attributable to either the injured workman or the employer. The hearing before the referee was on June 5, 6 and 7, 1967. The decision of the referee was mailed July 3, 1967. The employer's application for review of claim was filed July 11, 1967. The transcript of the testimony was filed November 16, 1967. The employer's brief was filed December 12, 1967. The employee's brief was filed February 26, 1968, and the employer's reply brief was filed on March 27, 1968. The delay from that date until the appeal board's decision, October 22, 1969, was caused by the appeal board's huge backlog of work.

209, 210, 211. Only three of the justices who sat in the first *White* case, Justices KELLY, DETHMERS and CARR, were still on the Court when the second *White* case was decided. They dissented in part from the decision favorable to *White*.

Commenting on the first *White* case, the Court in the second *White* case said that in the first case, "this Court disapproved an award of continuing compensation beyond November 7, 1952 [the date of the departmental hearing] apparently on the basis of extended delay in the appeal process and on the finding that the record then submitted did not contain competent evidence to sustain a finding of continuing disability beyond November 7, 1952". The second *White* Court added:

"Whatever may have been the state of the record at the time this Court previously heard this matter, we are satisfied that the current record contains competent evidence from which the appeal board could have found plaintiff disabled as a result of his injury for the specific periods of the award."

The Court also observed:

"We deal in this case with an instance of temporary total disability. In such a situation, the device employed by the appeal board in ordering payment of compensation until further order of the board, we have many times approved. [Citations omitted.]

"Such an order does not finally determine rights to compensation. A petition to stop, to decrease or to increase compensation is always permissible in order to show circumstances concerning a claimant's physical condition which have changed from the last date of hearing.

\*    \*    \*

"We believe that what has been said serves to answer appellant's contention that the previous

order of this Court in *White* v. *Michigan Consolidated Gas Company* (1955), 342 Mich 160, was *res judicata* \* \* \*

"While this Court set aside the appeal board order as to continuing compensation beyond November 7, 1952, such an action did not finally determine the rights of the parties either. This Court held that the record then presented to it did not contain competent evidence upon which the appeal board could have made a finding of continuing disability as a matter of reasonable prediction. This Court's order did not mean that in the event such disability did in fact occur that a subsequent showing and claim for compensation would be barred."[8]

The question of the sufficiency of the evidence to support a finding of continuing disability has been before the Supreme Court several times since the *White* cases were decided. It is significant that, although the Court has not in its subsequent decisions disavowed the opinion filed in the first *White* case and has, indeed, reaffirmed it, in no case since the first *White* case has the Supreme Court reversed a finding of the appeal board on the ground that there was insufficient evidence to support a finding of continuing disability.[9]

---

[8] The dissenters agreed that the decision in the first *White* case was not *res judicata* but disagreed with the majority's conclusion that a provision in the statute barring an award of compensation for any period which is more than one year before the date of filing of an application (MCLA § 413.14 [Stat Ann § 17.188]) did not preclude payment to White for a period exceeding one year before the filing of the second application. The majority ruled that the one-year limitation was tolled while the dispute was pending on appeal in the Supreme Court.

[9] In the first case to come before the Supreme Court after the second *White* case was decided, *Hooper* v. *Commonwealth Industries, Inc.* (1958), 352 Mich 220, 223, the workman was suffering from an injury and back condition caused by unusually heavy, strenuous work which involved a hazard of back injury in excess of that attending employment in general. The disability existed at the time of hearing. The Court said:

"So far as *White* v. *Michigan Consolidated Gas Company* (1955), 342 Mich 160, might otherwise be concerned, we refer to our latest

opinion in that case (*White* v. *Michigan Consolidated Gas Company* (1958), 352 Mich 201)."

In *Hollingsworth* v. *Auto Specialties Manufacturing Company* (1958), 352 Mich 255, 268, the worker suffered a head injury. It appeared that the atrophy or wasting away of a portion of her brain (p 269) "would not only continue but inevitably get worse, not better, as time and the wasting process went on. If so, it would also appear to follow that there would exist no need for the taking of further medical or other proofs on that score". The Court declared that, nevertheless, the plaintiff had a right to present additional proofs, (p 270) "but if, as we have just indicated, the board had before it competent evidence upon which to base its findings we do not think that it was up to the board either to instruct the [employer] on available procedures or on its own motion order the taking of further medical testimony 'in the furtherance of justice' " under Rule 9, now Rule 20 (see fn 4).

The facts in *Hollingsworth* are stronger for the worker than the facts in this case. Nevertheless, the following observations of the *Hollingsworth* Court (pp 267–268) are pertinent:

"While we think there are situations where our holding in the first *White Case* may properly apply, and we do not seek to overrule that case, this is not to subscribe to the evidently growing notion in some quarters that our decision in that case means that the appeal board in workmen's compensation cases must, henceforth, in every instance have spanking-fresh testimony before it before it dare make any findings or reach a contrary award. We find nothing in the *White Case* or the act to sustain any such necessity and we do not want lightly to get abroad the notion that the appeal board must in every case resort to the cumbersome and delaying (and expensive) expedient of taking or permitting the taking of additional testimony in order either to affirm or upset any findings or awards made by the referee. Simplicity and dispatch were once, at least, supposed to be twin goals of the administration of this act. That dispatch may necessarily occasionally suffer is no reason to in turn forsake simplicity. A simple rule is for us to look and see whether the appeal board had any competent evidence before it to support its findings and doings. That was the *White Case*. That is our case. That is our understanding of the law."

The next case before the Court was *Redfern* v. *Sparks-Withington Co.* (1958), 353 Mich 286, 301, 302. A female employee was struck between the shoulder blades by a 15 to 20 pound steel weight. Doctors in a number of different hospitals and clinics could find no organic cause for her continuing complaints and diagnosed her condition as conversion hysteria. A period of 12 months intervened between the date of medical testimony by deposition and the date of the order of the appeal board entering a continuing award. The Supreme Court held that there was sufficient testimony from which the appeal board could have concluded that "due to the nature of the illness and the repeated unsuccessful attempts to alleviate it, the disability was a continuing one. This Court has disposed of the question of lack of authority to enter such an award in the second *White* case (*White* v. *Michigan Consolidated Gas Company* [1958], 352 Mich 201)."

In the last case presenting the issue now before us to come before the Supreme Court, *Johnson* v. *Northwestern Veneer & Plywood Cor-*

To require an injured workman to prove at the time of hearing that his then condition will inevitably continue throughout the time consumed by appeals to the Workmen's Compensation Appeal Board, to our Court, and to the Supreme Court which, as this case illustrates, may consume in excess of six years in the aggregate, would in many cases be to impose on him a totally unreasonable burden of proof. It is enough, as the second *White* Court said, if there is evidence which supports "a finding of continuing disability as a matter of reasonable prediction". *White* v. *Michigan Consolidated Gas Company* (1958), 352 Mich 201, 211.

The remedy of an employer who contends that the injured workman's physical condition has changed since the hearing is a petition to stop or decrease compensation, as suggested by the Supreme Court in the second *White* case and in *Johnson* v. *Northwestern Veneer & Plywood Corporation* (1959), 355 Mich 695, or a motion before the appeal board before its decision is announced to submit additional testimony, as suggested by the Supreme Court in *Hollingsworth* v. *Auto Specialties Manufacturing Company* (1958), 352 Mich 255.

---

*poration* (1959), 355 Mich 695, 700, the workman's symptoms and illness were largely subjective and undemonstrable, involving claimed pain and suffering. Sixteen months intervened between the date of the hearing and the date of the appeal board's decision. The Court affirmed because it was the employee who had appealed to the appeal board and it was dilatoriness on the part of the employer's lawyer which was largely responsible for the delay in decision. In so ruling the Court did say that, but for that factor, it would "probably" feel obliged to reverse in the light of the first *White* case. The opinion, however, concludes with the observation that: "We should add that the main point in question here was discussed at length in the second *White* case" where "the remedy available to an employer subject to a continuing award was pointed out," *i.e.,* a petition to stop or decrease compensation based on a change in the claimant's physical condition since the last date of hearing. Justices DETHMERS, KELLY, and CARR, the remaining members of the first *White* case Court, joined in the affirmance of the appeal board on the ground that there was testimony "that may reasonably be construed as supporting" the continuing award.