COTTON v CAMPBELL, WYANT & CANNON FOUNDRY

1. APPEAL AND ERROR—WORKMEN'S COMPENSATION—PROCEDURE—
   JOINDER—PRESERVING QUESTION.

   A defendant's claim in a workmen's compensation case that it
   was improperly joined through the plaintiff's petition and that
   this irregularity deprived the referee of jurisdiction over it and
   denied the defendant the powers given by statute to join other
   potentially liable employers will not be considered by the Court
   of Appeals where the issue was not put before the Workmen's
   Compensation Appeal Board, defendant participated fully in all
   the prior proceedings without raising this procedural defect,
   and defendant never sought joinder while this case was before
   the referee or the Workmen's Compensation Appeal Board.

2. WORKMEN'S COMPENSATION—DUST DISEASES—PULMONARY TUBER-
   CULOSIS—PHTHISIS.

   Pulmonary tuberculosis, or phthisis, is a dust disease under the
   Workmen's Compensation Act.

3. WORKMEN'S COMPENSATION—OCCUPATIONAL DISEASES—DATE OF IN-
   JURY—STATUTES.

   The date of injury in case of a disease, under both the old and
   new Workmen's Compensation Act, is the last day of work in
   the employment in which the employee was subjected to the
   conditions resulting in disability or death; therefore, the date of
   injury for a claimant suffering from an occupational disease,
   when determining the applicability of a provision under the old
   Workmen's Compensation Act, was the last day of work with
   his second employer where the liability for the disease had
   been apportioned one-third to the second employer and two-
   thirds to the first employer by the referee (MCLA 412.1, 417.4,
   418.301).

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 545.
[2, 5] 58 Am Jur, Workmen's Compensation § 252.
[3] 58 Am Jur, Workmen's Compensation § 409.
[4] 58 Am Jur, Workmen's Compensation §§ 529, 530.

4. Appeal and Error—Workmen's Compensation—Findings of Referee.

The Court of Appeals is bound by the findings of the referee in a workmen's compensation case where ample evidence supported his findings.

5. Workmen's Compensation—Dust Diseases—Employer's Liability —Silicosis and Dust Disease Fund—Reimbursement.

An employer is entitled to reimbursement from the Silicosis and Dust Disease Fund only after it has paid the claimant $12,500, and not after it and a second employer have paid the claimant a combined total of $12,500, where the liability of the first employer is only for a dust disease, the liability of the second employer is for compensable causes other than a dust disease, and neither employer is in a position to obtain double recovery by collecting both from the fund and another employer.

Appeal from the Workmen's Compensation Appeal Board. Submitted Division 3 November 14, 1974, at Grand Rapids (Docket Nos. 18788, 18858.) Decided November 27, 1974.

Claim by Carlender A. Cotton against Campbell, Wyant & Cannon Foundry, Liberty Mutual Insurance Company, and Whitehall Leather Company for workmen's compensation. The Silicosis and Dust Disease Fund voluntarily entered an appearance. Grant of compensation affirmed by the Workmen's Compensation Appeal Board. Campbell, Wyant & Cannon Foundry, Liberty Mutual Insurance Company, and the Silicosis and Dust Disease Fund appeal by leave granted. Whitehall Leather Company cross-appeals. Affirmed.

*Smith, Haughey, Rice, Roegge & Gould* (by *Lance R. Mather),* for Campbell, Wyant & Cannon Foundry and Liberty Mutual Insurance Company.

*Landman, Hathaway, Latimer, Clink & Robb* (by *William M. Newman),* for Whitehall Leather Company.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *David J. Watts,* and *A. C. Stoddard,* Assistants Attorney General, for the Silicosis and Dust Disease Fund.

Before: T. M. BURNS, P. J., and R. B. BURNS and CARLAND,* JJ.

R. B. BURNS, J. Plaintiff began to work for defendant Campbell, Wyant & Cannon Foundry (hereinafter referred to as Campbell) in 1962. His job required him to shake sand from castings. It was dusty work. While working for Campbell, plaintiff suffered from recurrent chest pains. These pains increased in intensity and frequency causing plaintiff to be absent from work. Campbell terminated plaintiff's employment for such absenteeism in November, 1965.

Plaintiff eventually found employment with defendant Whitehall Leather Company (hereinafter referred to as Whitehall) in 1967. He was a wringer of wet hides. Plaintiff got wet performing this job and often stayed wet for his entire eight-hour shift. The windows in the building where plaintiff worked were kept open causing a draft; plaintiff frequently caught cold. Plaintiff's employment with Whitehall was terminated in March, 1969.

After he left Whitehall, plaintiff lost weight, continued to experience chest pains, and coughed up blood. He sought medical aid which revealed that he was suffering from pulmonary tuberculosis. Plaintiff was hospitalized for the condition.

Plaintiff sought workmen's compensation from Campbell and Whitehall. The Silicosis and Dust Disease Fund (hereinafter referred to as the Fund)

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

voluntarily entered an appearance as a defendant. The hearing referee found that plaintiff has an occupational disease covered by the Workmen's Compensation Act. The liability was apportioned one-third to Whitehall and two-thirds to Campbell. As to Campbell, the liability was held to be for a dust disease, and Campbell was held entitled to recovery from the Fund. Defendants appealed to the Workmen's Compensation Appeal Board, and the referee's decision was affirmed. Defendants now appeal to this Court separately. We affirm.

Campbell contends that it was improperly joined in this action. Campbell was joined through plaintiff's petition rather than on Whitehall's motion in accord with procedures outlined in MCLA 418.435; MSA 17.237(435). Campbell claims that this irregularity not only deprived the referee of jurisdiction over it but that the irregularity intolerably prejudiced Campbell by denying it the powers given in the statute that would have allowed Campbell to join other potentially liable employers in this action. However, Campbell never sought such joinder while this case was before either the referee or the Workmen's Compensation Appeal Board. In fact, Campbell participated fully in all proceedings related to this matter and has only now, on appeal to this Court, chosen to raise this procedural defect as a defense. Where an issue has not been put before the Workmen's Compensation Appeal Board, this Court will not consider it on appeal. *Clarkson v Lufkin Rule Co,* 367 Mich 19; 116 NW2d 223 (1962), *Turner v Consumers Power Co,* 376 Mich 188; 136 NW2d 1 (1965), and *Medacco v Campbell Foundry Co,* 48 Mich App 217; 210 NW2d 360 (1973).

Defendant Fund contends that plaintiff's disease, pulmonary tuberculosis, is not a dust disease. The

Fund contends that tuberculosis has not been properly found to be a dust disease. The Fund misinterprets the present controversy. Neither the Workmen's Compensation Appeal Board nor this Court are purporting to rule on all forms of tuberculosis. This case involves only pulmonary tuberculosis. Phthisis, the proper name for pulmonary tuberculosis, has already been held to be a dust disease. *Felcoskie v Lakey Foundry Corp,* 382 Mich 438, 446; 170 NW2d 129, 132 (1969).

Defendants Campbell and the Fund claim that the plaintiff's injury is not covered by the Workmen's Compensation Act as amended since 1965. They contend that this case is governed exclusively by MCLA 417.4; MSA 17.223 which restricts Campbell's liability more than the present act and which would entirely prohibit the Fund's involvement with this case. Both defendants ignore the strictures of MCLA 417.4(a); MSA 17.223(a) which reads:

"This section shall not apply in cases of all claims in which the date of personal injury occurs later than May 1, 1966, and all such claims shall be governed by other provisions of this act."

According to either the old or new act, MCLA 412.1; MSA 17.151, MCLA 418.301; MSA 17.237(301), the date of injury in the case of a disease is the last day of work in the employment in which the employee was last subjected to the conditions resulting in disability or death. The referee found that date to be plaintiff's last day of work with Whitehall, March of 1969, thus MCLA 417.4; MSA 17.223 is inapplicable here. *Huey v Campbell, Wyant & Cannon Foundry Co,* 55 Mich App 227; 222 NW2d 191 (1974), and *Welch v*

*Westran Corp,* 45 Mich App 1, 3; 205 NW2d 828, 829 (1973).

But defendants challenge the referee's findings. They claim that the appropriate date was when plaintiff left Campbell's employ in November, 1965, which would put plaintiff back within the coverage of the old limited-liability statute. We cannot agree that the referee's findings were in error. Statute MCLA 417.4(a); MSA 17.223(a) clearly predicates the statute's applicability upon last exposure to a sequence of causes not upon last exposure to the sequence's beginning. The Legislature has recognized that an employee's disability can be caused by a combination of a dust disease with other compensable causes, MCLA 417.9; MSA 17.228, MCLA 418.435; MSA 17.237(435), MCLA 418.535; MSA 17.237(535), and it has given hearing referees the authority to determine whether such combined causality exists. Here, it was determined that plaintiff's injury resulted from such a combination of compensable causes. There was ample evidence to support this finding, and we are bound to abide by it. MCLA 418.861; MSA 17.237(861), and *Lyczynski v Mohawk Lumber & Supply Co,* 33 Mich App 433; 190 NW2d 328 (1971). Since there was more than one set of working conditions that caused the disease, the proper time for the date of injury would be the last date the employee was subjected to the last set of working conditions resulting in disability. MCLA 418.301; MSA 17.237(301). The referee correctly found that to be plaintiff's last day of work with Whitehall.

Relying on *Goodman v Bay Castings,* 49 Mich App 611; 212 NW2d 799 (1973), defendant Campbell contends that it is entitled to reimbursement from the Fund as soon as it and Whitehall pay plaintiff a combined total of $12,500. In other

words, Campbell need only pay two thirds of $12,-500 before it is entitled to reimbursement. We do not agree that *Goodman* is controlling here. In *Goodman,* the Court was confronted with a novel situation in which the referee apportioned liability among employers but not among the causes of the plaintiff's affliction. Thus, one employer was placed in a position where it could demand reimbursement from two sources (the Silicosis and Dust Disease Fund and another employer) and consequently obtain double recovery for every dollar spent. The Court decided that since the plaintiff suffered solely from a dust disease the reimbursing employer should be relieved of its obligations when total payments to plaintiff equalled $12,500 and the Fund had become responsible for further payments. The facts of the present case are quite different. Plaintiff has not been held to be suffering solely from a dust disease, and liability has been apportioned among the causes of plaintiff's injuries. No party is in a position to obtain double recovery here. The liability apportioned to dust disease causes is clearly set out, consequently there is no need for interference with it. Defendant Campbell may not combine the amounts it pays for plaintiff's compensation with amounts paid by Whitehall in order to more quickly reach the $12,500 threshold that entitles it to reimbursement from the Fund.

Affirmed.

All concurred.