JOHNSON *v.* NORTHWESTERN VENEER &
PLYWOOD CORPORATION.

1. WORKMEN'S COMPENSATION—APPEAL BOARD—FINDINGS OF FACT—EVIDENCE—FRAUD.

The findings of fact of the workmen's compensation appeal board are conclusive, where based on competent evidence and in the absence of fraud, and may not be disturbed by the Supreme Court on appeal (CL 1948, § 413.12).

2. SAME—FINDING OF APPEAL BOARD—EVIDENCE.

Finding of workmen's compensation appeal board that injured workman sustained a disability at the time of the last hearing before the referee that was due to his original injury which had been suffered some 4 years theretofore *held*, sustained by competent evidence, notwithstanding his symptoms and claimed ailments were largely subjective and undemonstrable, involving claimed pain and suffering (CL 1948, § 413.12).

---

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 58 Am Jur, Workmen's Compensation § 530 *et seq.*

3. SAME—CONTINUING COMPENSATION—EVIDENCE.

> An award of continuing compensation by the workmen's compensation appeal board, made some 16 months after the decision of the referee and reversing the latter who had denied further compensation for claimed disability from injury which had been sustained 4 years before the last hearing before the referee, is affirmed, notwithstanding absence of testimony as to continuance of disability after hearing by referee, where the delay was largely due to defendants' failure to file briefs as promised, which failure was indicated by appellee's affidavit in his appendix here on appeal and not answerd by defendants in the course of the appeal.

Appeal from Workmen's Compensation Appeal Board. Submitted January 13, 1959. (Docket No. 56, Calendar No. 47,477.) Decided April 13, 1959.

Alfred Johnson presented his claim against Northwestern Veneer & Plywood Corporation, employer, and Liberty Mutual Insurance Company, insurer, for compensation. Plaintiff, on appeal from deputy to appeal board, received award on basis of continued total disability. Defendant appeals. Affirmed.

*L. J. Archambeau,* for plaintiff.

*McGinn & Fitzharris,* for defendants.

VOELKER, J. The appeal in this workmen's compensation case presents 2 questions, one fairly easy to dispose of, the other more difficult. The first question grows out of the claim on appeal of the defendant employer and its insurance carrier that there was no competent testimony below to sustain the award of the appeal board (reversing the hearing referee) finding and holding that the claimed disability of the workman, up to the date of the last hearing before the referee, was due to his original injury of August 7, 1951, for which he had already claimed and without contest been paid intermittent compensation in the past.

On this point we need only say that the testimonial contest below, as so often occurs in cases of this kind, was mostly an irreconciliable head-on clash of medical testimony and opinion.   The workman's symptoms and claimed ailments were largely subjective and undemonstrable, involving claimed pain and suffering.   One doctor in effect swore white; the other swore black.   We think there was plenty of testimony to support the result reached, just as there would have been had the decision gone the other way. By statute the findings of fact made by the commission* based upon competent testimony are made conclusive, in the absence of fraud, and may not be disturbed by us on appeal (CL 1948, § 413.12 [Stat Ann 1950 Rev § 17.186]).   This ground of appeal is therefore without merit.

We state the second question in appellants' own words:

"Was plaintiff suffering disability arising out of and in the course of his employment subsequent to the hearing of July 27, 1955?"

The last testimony of any kind given in the case was taken before the referee on the above date; that official made his decision adverse to the plaintiff workman on August 1, 1955; the appeal board on November 27, 1956 (some 16 months later), reversed the referee and ordered compensation paid at the rate of "$24 per week for total disability from May 1, 1954, to July 1, 1954, and from August 22, 1954, until further order of the workmen's compensation department."   It should be noted that this continuing award embraces a period running considerably beyond the date of the last taking of any testimony, as above indicated.

---

* Appellate functions, powers and duties vested in the workmen's compensation commission have been transferred to the workmen's compensation appeal board by PA 1955, No 62, ch 1A, §§ 9, 10 (CLS 1956, §§ 408.9, 408.10, Stat Ann 1957 Cum Supp §§ 17.6[15], 17.6 [16]).—REPORTER.

Appellants contend that since some 16 months elapsed between the last taking of testimony (July 27, 1955) and the decision of the appeal board (November 27, 1956), that there was accordingly insufficient and in fact no evidence before the appeal board in regard to Johnson's intervening physical condition to sustain the continuing award thus made, and that the result here must accordingly be controlled by our decision in the first *White Case* (*White* v. *Michigan Consolidated Gas Co.*, 342 Mich 160).

On the surface this case indeed appears to lie on all fours with our decision in the cited *White Case* and entirely without the rationale of our subsequent distinguishing decision in *Hollingsworth* v. *Auto Specialties Manfg. Co.*, 352 Mich 255. Certainly there is nothing in appellants' brief or appendix to indicate otherwise, and if we were to find nothing more in the files and records in this Court we would probably feel obliged to reverse and remand without further ado. But there happens to be more, consisting of a lone entry included by appellee-plaintiff in his appendix, being the reprint of an affidavit of a member of the appeal board, on file in this Court, disclosing certain things shown by the files and records below.

This affidavit states that the plaintiff workman filed his claim for review on August 15, 1955 (or 15 days after the referee's decision); that he filed the transcript of the testimony with the appeal board on November 9, 1955; and filed his brief 9 days later, on November 18th. It further states that the files of the appeal board contain a letter dated December 14, 1955, from defense counsel's secretary stating that counsel "has been ill much of the time recently. When he returns to the office he will send a brief to you in the above case;" that over 8 months later on August 31, 1956, plaintiff's counsel wrote the appeal board that he still had received no brief from

defendants, therein requesting "that you will see to it that this case is decided very shortly and without further delay." The affidavit further asserts that no brief was ever filed by defendants on review before the appeal board. This the record also negatively discloses, irrespective of said affidavit.

The foregoing affidavit was filed in this Court many months before defendants' brief was filed here on October 10, 1958. Yet the latter makes no reference to said affidavit or to any of the matters contained therein, nor does it give any explanation for defendants' delay and ultimate failure to file any brief below, despite defense counsel's noted promise to do so and the plain implication that counsel desired to file a brief before any decision was reached in the case. As noted, appellee reprinted this affidavit in his appendix, but defendants waived oral argument and have since made no effort to challenge or explain the contents thereof, by reply brief or otherwise. Nor do they anywhere attempt to explain their failure to file a brief below. We should add that the illness of counsel mentioned in the affidavit is nowhere else supported or mentioned in the record before us. Defendants, in short, appear to have done nothing below but to hold forth a promise which they failed to keep. In short the undoubted long delay below seems largely, if not solely, to have been their own. Under these circumstances we do not think the *White Case* is applicable. To invoke the rule of that case here would be to further punish and delay one innocent of any delay (the injured workman here has received no compensation since 1954) and to reward those guilty of the delay. As we read it, the *White Case* stands for no such harsh proposition.

We recently wrote to this point in the *Hollingsworth Case, supra,* p 271 (otherwise not squarely in point on its particular controlling facts) as follows:

"This view is not weakened when we further observe that much of the delay in the decision of the appeal board appears, in part at least, ascribable to the additional failure of the appellant to file any brief before that body during the same period. We cannot encourage litigants to 'lie in the weeds' hopefully awaiting a favorable decision and then, when they lose, urge their own procedural lapses and delays—and possible misfired stratagems—as a denial of due process or as thus alone causing a fatally excessive remoteness between the taking and adjudicative application of proofs."

We should add that the main point in question here was discussed at length in the second *White Case* (*White* v. *Michigan Consolidated Gas Company*, 352 Mich 201) where, at syllabus 4, the remedy available to an employer subject to a continuing award was pointed out as follows:

"An order of the workmen's compensation appeal board to pay workmen's compensation until the further order of the board, made in a case involving temporary total disability, does not finally determine rights to compensation, since a petition to stop, to decrease or to increase compensation is always permissible in order to show circumstances concerning a claimant's physical condition which may have changed from the last date of hearing."

Affirmed, costs to appellee.

Smith, Black, Edwards, and Kavanagh, JJ., concurred with Voelker, J.

Carr, J. (*concurring*). The order of the appeal board in this case should be affirmed for the reason that there was testimony on the hearing before the referee that may reasonably be construed as supporting the factual findings of the board.

Dethmers, C. J., and Kelly, J., concurred with Carr, J.