SANFORD v RYERSON & HAYNES, INC

Docket No. 56200. Argued October 8, 1975 (Calendar No. 2).—Decided June 3, 1976. Rehearing denied 397 Mich 956.

Plaintiff Harse Sanford was injured while loading a lift truck for his employer, defendant Ryerson & Haynes, Inc. The Workmen's Compensation Appeal Board ordered payment of benefits until further order of the bureau. The Court of Appeals, Quinn, P. J., and Brennan and Carland, JJ., affirmed the award from the date of injury until the trial date but reversed the order for continuing payment of benefits (Docket No. 18778). Plaintiff appeals. *Held:*

1. Predictability has no proper place in a determination of disability; if there is any competent evidence to support the determination of disability for the period in question, the order to pay further benefits must be upheld, and an award of compensation until further order, if based upon a finding of disability when the order was made, remains in effect until the award is stopped or changed. The remedy of an employer who contends that the injured workman's physical condition has changed since the hearing is a petition to stop or decrease compensation. *White v Michigan Consolidated Gas Co,* 352 Mich 201; 89 NW2d 439 (1958), and *Lyczynski v Mohawk Lumber & Supply Co,* 33 Mich App 433; 190 NW2d 328 (1971), are disapproved to the extent that they are inconsistent.

2. The weight and credibility of the testimony of lay and medical witnesses is for the determination of the appeal board. Testimony of the plaintiff and his wife, without more, and even though arguably disputed by certain medical witnesses, is sufficient to warrant the appeal board's finding of disability.

Justice Lindemer, joined by Justice Coleman, dissented: Find-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation §§ 591–597.

Workmen's compensation: time and jurisdiction for review, reopening, modification, or reinstatement of award or agreement. 165 ALR 9.

[2] 82 Am Jur 2d, Workmen's Compensation §§ 532–539, 634.

[3] 82 Am Jur 2d, Workmen's Compensation §§ 565–569.

ings of fact by the Workmen's Compensation Appeal Board are conclusive, absent fraud. The subjective testimony of the plaintiff and his wife concerning the plaintiff's disability is competent, material and substantial evidence of the disability. The continuing award, however, was not supported by competent evidence of a continuing disability as a matter of reasonable prediction.

Reversed and order of the Workmen's Compensation Appeal Board reinstated.

OPINION OF THE COURT

1. WORKMEN'S COMPENSATION—CONTINUING DISABILITY—PREDICTABILITY.

Predictability of continuing disability has no proper place in a determination of disability in workmen's compensation proceedings; an award of benefits "until further order", if based upon a finding of disability when the order was made, remains in effect until the award is stopped or changed, and the remedy of an employer who contends that the injured workman's physical condition has changed since the hearing is a petition to stop or decrease compensation.

2. WORKMEN'S COMPENSATION—EVIDENCE—SUFFICIENCY.

The weight and credibility of the testimony of lay and medical witnesses supporting a workmen's compensation claim is for the determination of the Workmen's Compensation Appeal Board; testimony of a claimant and his wife is sufficient to warrant a finding of disability even though arguably disputed by medical witnesses.

DISSENTING OPINION

COLEMAN and LINDEMER, JJ.

3. WORKMEN'S COMPENSATION—APPEAL BOARD—FINDINGS OF FACT—CONTINUING DISABILITY.

*Subjective testimony by a workmen's compensation claimant supported by testimony of his wife is competent, material and substantial evidence of the claimant's disability, from which the Workmen's Compensation Appeal Board could find disability (Const 1963, art 6, § 28; MCL 418.86; MSA 17.237 [861]).*

*Rappleye, Bannasch & Wilkins* (by *John P. Kobrin, Jr.)* for plaintiff.

*Conklin, Benham, McLeod, Ducey & Ottaway,
P. C. (by Thomas P. Chuhran), for defendant.*

KAVANAGH, C. J. *(to reverse).* There is a single
issue in this case: Was the Workmen's Compensation Appeal Board's (WCAB) determination of
plaintiff's disability supported by any competent
evidence? We hold that it was.

Plaintiff commenced employment with defendant in 1959, and worked steadily for the company
from 1961 until the date of this injury, June 30,
1969.

At the time of this injury, plaintiff was employed as a lift truck driver, and had been so
employed for three years. Plaintiff described his
work as follows:

"Well, it's a big turntable. I've got to be a turning
that, you know, and then them big wooden boxes weigh
about 275 pounds, and I usually got off, you know, and
put them in place, push them around and, you know,
quite a bit of tugging on them to get them around in
place in the factory."

On June 30, 1969, the following incident occurred:

" * * * I went and picked up a big crate. They weigh
around 370, I suppose, to put parts in, and I put the
crate in there to put parts in, you know, placed a box in
there and as I was getting back on my lift truck, I got
my right leg up and just before I got ready to sit in the
seat—it was high, pulled up by the steering wheel, and
when I got partially the way up, my right foot slid
across the truck and then I come down on my left side,
hanging down, and I was just hanging there by my left
foot. I hit the floor with my left leg. You know, my
weight come right back down me there and I was
hanging on the truck."

Plaintiff worked the following day, but the next day he stated that he had to see a doctor. The company referred him to a physician who prescribed medication. During the next two years, plaintiff was continually receiving medical treatment for back pain from various physicians and did not resume employment. On May 20, 1971, a hearing was held before Referee William J. Weber. Referee Weber determined that plaintiff was not disabled as a result of the injury received on June 30, 1969.

After a lengthy delay due to numerous extensions of time for filing plaintiff's brief to the Workmen's Compensation Appeal Board, the appeal board unanimously reversed the hearing referee, ruling as follows:

"[T]o hold with the referee would be a refutation of the record. Plaintiff worked many years before a single event resulted in his disability. He then began a regimen of medical treatments, and the continuity of the medical reporting supports plaintiff's statement, in the record, that he is incapable of working as a forklift truck driver.

"Defendant shall indemnify plaintiff $69.00 per week from June 30, 1969, to the date of the hearing, and until the further order of the Bureau."

Defendant appealed to the Court of Appeals. In an unpublished opinion of July 19, 1974 the Court of Appeals affirmed that part of the award given from the date of the injury until the trial date, but reversed the part of the award that was to be continued "until the further order of the Bureau", holding that the record did not contain "competent evidence upon which the appeals board can make a finding of continuing disability as a matter of reasonable prediction, *Lyczynski v Mohawk Lum-*

*ber & Supply Co,* 33 Mich App 433; 190 NW2d 328 (1971)".

Plaintiff appeals to this Court alleging that the determination of continuing disability was supported by competent evidence and thus binding on the Court of Appeals.

In *Lyczynski, supra,* the WCAB affirmed an award "until further order of the department". The Court of Appeals majority reversed on the authority of certain observations made in *White v Michigan Consolidated Gas Co,* 352 Mich 201, 210; 89 NW2d 439 (1958) *(White #2),* that the decision in the earlier *White* case, 342 Mich 160; 69 NW2d 160 (1955) *(White #1)* was based on the determination that the record did not contain "competent evidence upon which the appeal board could have made a finding of continuing disability as a matter of reasonable prediction". 352 Mich 201, 211; 89 NW2d 439 (1958). The *Lyczynski* majority held that the record in that case did not meet the *White #2* test.

The Court of Appeals in the case at bar made the same determination. We are persuaded that the observations made in *White,* relied upon in *Lyczynski,* were *obiter dicta* and should not be followed.

Predictability has no proper place in a determination of disability. If the appeal board had any competent evidence before it to support a determination of disability for the period in ·question, its order to pay benefits must be upheld. *Hollingsworth v Auto Specialties Manufacturing Co,* 352 Mich 255; 89 NW2d 431 (1958).

An award for compensation "until the further order", if based upon a finding of disability at the time the order was made, remains in effect until the award is stopped or changed. There is no

question of prediction—reasonable or unreasonable.

"The remedy of an employer who contends that the injured workman's physical condition has changed since the hearing is a petition to stop or decrease compensation, as suggested by the Supreme Court in the second *White* case and in *Johnson v Northwestern Veneer & Plywood Corp* , 355 Mich 695; [96 NW2d 134] (1959), or a motion before the appeal board before its decision is announced to submit additional testimony, as suggested by the Supreme Court in *Hollingsworth v Auto Specialties Manufacturing Co,* 352 Mich 255 (1958)." *Lyczynski v Mohawk Lumber Co,* 33 Mich App 433, 447; 190 NW2d 328 (1971) (LEVIN, J., dissenting).

The argument is made by the appellee that the only evidence to support a finding of disability is "plaintiff's own unsubstantiated assertions of disablement. No medical testimony supports his claim * * * ". Appellee claims too much.

The testimony of plaintiff's wife supported his claim of disability and the weight and credibility of testimony of both lay and medical witnesses is for the determination of the appeal board. *White v Michigan Consolidated Gas Co,* 352 Mich 201, 210; 89 NW2d 439 (1958). The following testimony of the plaintiff was introduced in support of his claim:

"*The Referee:* What problems are you having?

"*A.* I'm having pains all down my back here, and it feels like a knife jabbing right out down in my bottom of my left hip, and it goes all the way down into my feet.

"*Q. (By Mr. Perlos):* This pain that you described, Mr. Sanford, has it been any different than it was in 1969 or '70 than what it is now?

"*A.* No, sir, it stayed about the same ever since I slipped on the truck.

"*Q.* Now, going into it a little further, Mr. Sanford, can you tell us in what way, if any, you are restricted since this injury as you were from what you were doing before the injury?

"*A.* Well, in the line of work?

"*Q.* Yes.

"*A.* Well, I can't get out and do the yard work that I do, you know. I have I do a little and lay down a little bit. I get relaxed, and the pain goes away, take pills, and then I get back up and do a little bit more, and I'm that way all during the day, you know. If I'm going and if I stand in a certain position, you know, like lining a fishpole up, I just go in a jerk. I've got to sit down or lay down.

\* \* \*

"*Q. (Mr. Perlos):* Could you go back and do the work that you were doing at the time that you were injured today?

"*A.* No, sir, I couldn't.

"*Q.* What would prevent you?

"*A.* Well, being my back, lifting and twisting.

"*Q.* Is it necessary for you to lift and twist?

"*A.* Yes, sir.

\* \* \*

"*The Referee:* Are you uncomfortable now?

"*A.* Yes, I am.

"*The Referee:* Would you rather stand up?

"*A.* I do, I stand up, straighten this leg out.

"*The Referee:* Go ahead. You need not sit there if you prefer not to. You can stand up.

"*A.* I'm sorry, I can't sit too long.

"*The Referee:* No problem. Make yourself comfortable.

"*Q. (By Mr. Perlos):* If work was available to you at Ryerson & Haynes, would you go back to work?

"*A.* I would much rather be to work right now as to be sitting in a chair and can't do anything. If they will show me that—do something for me, that they'd do something for me, I'd be willing to go back this afternoon."

Plaintiff's wife testified as follows:

"*A.* Well, he doesn't do anything like,—like—can't even stand washing the dishes for a very long period. He has to kind of stand one sided or go lay down and finish them later. He has to take a hot bath, sometimes two, three times a day. He bought him a heating pad. He uses that. He also lays over the register quite a bit. He also takes pills after pills.

"*Q.* You are employed, aren't you?

"*A.* Yes, I am.

"*Q.* Where?

"*A.* Heat Control.

"*Q.* And how long have you been working?

"*A.* '65.

"*Q.* Have you been supporting you and Mr. Sanford?

"*A.* Yes, I have."

This testimony of plaintiff and his wife, without more, and even though arguably disputed by certain medical witnesses, is sufficient to support the WCAB's finding of disability.

To the extent that the dicta in *White #2* and the holding in *Lyczynski, supra,* are inconsistent with this opinion, they are disapproved.

The opinion of the Court of Appeals is reversed. The order of the Workmen's Compensation Appeal Board is reinstated.

Costs to plaintiff.

WILLIAMS, LEVIN, and FITZGERALD, JJ., concurred with KAVANAGH, C. J.

RYAN, J., took no part in the decision of this case.

LINDEMER, J. *(dissenting).* Const 1963, art 6, § 28 and MCLA 418.861; MSA 17.237(861), make findings of fact by the Workmen's Compensation Ap-

peal Board conclusive absent fraud. In this case, fraud is not alleged and the subjective testimony of the plaintiff supported by the testimony of his wife is evidence that is competent, material and substantial. I am unable to conclude, however, that *White v Michigan Consolidated Gas Co,* 352 Mich 201; 89 NW2d 439 (1958), and *Lyczynski v Mohawk Lumber & Supply Co,* 33 Mich App 433; 190 NW2d 328 (1971), deserve the casual treatment afforded in the majority opinion. For that reason and for the reasons expressed in its opinion, I would affirm the Court of Appeals.

Moreover, the file in this matter discloses unconscionable delay on the part of plaintiff herein. I would deny costs.

Coleman, J., concurred with Lindemer, J.