MORRIS v METALS ENGINEERING MANUFACTURING
COMPANY

Docket No. 59693. Submitted July 22, 1982, at Detroit.—Decided
    January 10, 1983.

    George D. Morris, a full-time employee of the H. R. Black Com-
    pany, was injured while working on a part-time job for Metals
    Engineering Manufacturing Company. Morris was disabled
    from engaging in either his full-time or part-time jobs for a
    period of three months. Metals Engineering paid workers'
    compensation benefits to Morris at the statutory rate during
    this three-month period. Morris returned to work at his full-
    time job at the end of the three-month period, but never
    returned to his employment at Metals Engineering due to his
    disability. Ten months after returning to full-time employment,
    Morris filed a petition for a hearing with the Bureau of Work-
    ers' Disability Compensation, alleging a work-related disability
    resulting from his injury. The hearing referee found that
    Morris had suffered a personal injury arising out of and in the
    course of his employment with Metals Engineering and ordered
    Metals Engineering to pay weekly compensation to Morris at
    the maximum weekly rate until further order of the bureau.
    Metals Engineering was to be given credit for any wages
    earned by Morris by performing any subsequent part-time
    work. Metals Engineering and its workers' compensation insur-
    ance carrier, Travelers Insurance Company, appealed to the
    Workers' Compensation Appeal Board. The appeal board modi-
    fied the decision of the hearing referee by granting Metals
    Engineering credit for all wages, part-time and full-time,
    earned by Morris for the purpose of computing the amount of
    compensation benefits owed by Metals Engineering. Morris
    appeals by leave granted. Held:

        1. During the period that Morris's disability affected both his
    full-time and part-time employment, Metals Engineering was
    entitled to consider any wages Morris earned in his full-time

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation § 631.
[2] 82 Am Jur 2d, Workmen's Compensation §§ 341, 373.
[3, 4] 82 Am Jur 2d, Workmen's Compensation § 338 et seq.

job when calculating the benefits owed him. However, when Morris's full-time job was no longer affected by his disability, Metals Engineering was no longer entitled to a credit for any wages Morris earned in his full-time job. To balance things, the hours Morris works in his full-time employment may not be considered to raise him to a status of a full-time worker for the purpose of Metals Engineerings' calculation of benefits.

2. The decision of the appeal board is reversed and the case is remanded for a determination of Morris's average weekly wage, based solely upon his part-time employment with Metals Engineering. Metals Engineering is only entitled to credit for any additional wages Morris receives from part-time employment with Metals Engineering or with replacement part-time employment.

Reversed and remanded.

1. WORKERS' COMPENSATION — APPEAL — FINDINGS OF FACT.

Findings of fact by the Workers' Compensation Appeal Board are conclusive and may not be set aside in the absence of fraud; the board's application of legal standards is properly reviewable by an appellate court, however, and any decisions which misapply the proper legal standards may be set aside (MCL 418.861; MSA 17.237[861]).

2. WORKERS' COMPENSATION — CALCULATION OF BENEFITS — CONTEMPORANEOUS EMPLOYMENT.

Workers' compensation benefits may not be increased or decreased by taking into account what an injured employee earned at a separate, unrelated contemporaneous job which is unaffected by his disability.

3. WORKERS' COMPENSATION — CALCULATION OF BENEFITS — PART-TIME EMPLOYMENT — CONTEMPORANEOUS EMPLOYMENT.

A contemporaneous job should not be considered in deciding whether a worker is a part-time or full-time worker under the Worker's Disability Compensation Act or for the purposes of limitation of benefits where his earning capacity in the contemporaneous job is unaffected by a work-related injury in another employment (MCL 418.371; MSA 17.237[371]).

4. WORKERS' COMPENSATION — CALCULATION OF BENEFITS — PART-TIME EMPLOYMENT — FORTY-HOUR WEEK.

A former fictitious 40-hour week in the Worker's Disability Compensation Act used to compute benefits for certain employees who worked less than that amount of time resulted from a legislative decision to place the burden of compensating an

employee who worked at multiple part-time jobs and whose injury at one of the jobs diminished his earning capacity at the other jobs upon the employer in whose employ he was injured (MCL 418.371[3]; MSA 17.237[3], before being amended by 1980 PA 357).

*Goodman, Eden, Millender & Bedrosian* (by *Morton A. Eden),* and *Gromek, Bendure & Thomas* (of counsel) (by *Gary Granader),* for plaintiff.

*Lacey & Jones* (by *Phillip G. Rosenberg),* for defendants.

Before: M. F. CAVANAGH, P.J., and D. C. RILEY and C. J. HOEHN,* JJ.

M. F. CAVANAGH, P.J. Plaintiff appeals by leave granted from an opinion and order of the Workers' Compensation Appeal Board (WCAB) which modified the decision of the hearing referee by granting the defendant credit for all wages earned by the plaintiff for the purpose of computing the amount of compensation benefits owed by the defendant.

Plaintiff was employed full time as a journeyman sheet metal worker and on weekends supplemented his income by working part time for other employers, including the defendant. One weekend, while working for the defendant, the plaintiff fell from a ladder and injured himself. For the next three months, the plaintiff was disabled from engaging in both part-time and full-time employment. During this period, the defendant paid the plaintiff compensation at the statutory rate. Although the plaintiff subsequently returned to work at his full-time job, he was unable to return to his part-time employment because of the remedial pain from his injury. The parties do not dispute

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

the hearing referee's finding that the plaintiff has lost earning capacity in his part-time employment and that he is partially disabled within his skill. However, the parties disagree regarding the amount of compensation due the plaintiff. The WCAB, in modifying the hearing referee's decision, held that the plaintiff is entitled to compensation benefits for his injury at the part-time job but that the defendant is entitled to a credit for all wages earned by the plaintiff in his skill, whether earned in part-time or full-time employment. Plaintiff counters that the defendant should receive credit only for any wages earned in favored part-time employment.

We first note that the findings of fact made by the WCAB are conclusive and may not be set aside in the absence of fraud. MCL 418.861; MSA 17.237(861); *Derwinski v Eureka Tire Co,* 407 Mich 469, 481-482; 286 NW2d 672 (1979). However, the WCAB's application of legal standards is properly reviewable by an appellate court. *Askew v Macomber,* 63 Mich App 359, 362; 234 NW2d 523 (1975), aff'd 398 Mich 212; 247 NW2d 288 (1976). Decisions of the WCAB which misapply the proper legal standards may be set aside, and here we are faced with such a case.

In *Bowles v James Lumber Co,* 345 Mich 292; 75 NW2d 822 (1956), the Michigan Supreme Court held that when an employee receives a disabling injury while working at a particular job, any wages the employee receives from a separate, unrelated job which is unaffected by the disability may not be considered in calculating the benefits due from the disability-related employment. The Court reasoned that an employer should not be able to limit his or her liability by offsetting benefits due the employee with the employee's wages earned at a separate job when those wages

could not be considered to increase the employer's liability. *Bowles,* p 294. Subsequently, in *Lahay v Hastings Lodge No 1965 BPOE,* 398 Mich 467; 247 NW2d 817 (1976), the Court not only reaffirmed its decision in *Bowles, supra,* but also extended the *Bowles* holding by stating that '[u]nrelated and unaffected concurrent employment should not be considered under the statute for *any* purpose". (Emphasis in original.) *Lahay,* p 480. Thus, not only may the wages from an employee's unaffected job not be considered when calculating benefits due from the disability-related employment, but also the number of hours the employee works in the unaffected job may not be considered in deciding whether the employee is a part-time or full-time worker under the Worker's Disability Compensation Act. Thus, the employer is protected from being required to calculate an employee's compensation benefits based upon the total number of hours the employee worked in all his or her jobs while not being allowed to reduce the amount of benefits owed by any wages the employee was receiving from any other employment.

At the time this cause of action arose, the Worker's Disability Compensation Act provided different formulas for computing an employee's average weekly wage, depending upon whether the employee was a part-time or full-time worker. MCL 418.371, subds (2), (3); MSA 17.237(371), subds (2), (3), then in effect, provided as follows:

"(2) Average weekly wage means the weekly wage earned by the employee at the time of his injury, * * * but in no case less than 40 times his hourly rate of wage or earning. When it is found that the established normal work week for the employee's classification of employment in the establishment of the employer where the employee suffered a personal injury is less

than 40 hours, then the average weekly wage shall be established by multiplying the employee's hourly rate or earning by the number of hours customarily worked in the employee's classification or employment in that place of employment or his actual earned wages, whichever is greater.

"(3) When a hearing referee finds that the employee was employed specifically and not temporarily on a part-time basis, the average weekly wage shall be determined by multiplying the hourly rate or earning by the average number of hours worked in the part-time employment. When it is found that the employee has worked an average of 25 hours or more per week in all of his current employments, he shall not be considered a part-time employee."

Thus, an employee who worked more than 25 hours a week in concurrent employment was given the benefit of a fictional 40-hour work week, regardless of the number of actual hours worked, when calculating his or her average weekly wage. The purpose of this statutory section was to insure that an employee whose disability extended to all his or her current employment would be adequately and justly compensated by the employer in whose employ the worker was injured. The problem in *Bowles, supra,* and *Lahay, supra,* was that the employee's disability did not extend to all his current employments, rather, he became disabled in his part-time employment but was able to return unhampered to his full-time employment. Thus, the calculation of benefits owed to the employee had to be based solely on the employment which was affected by the disability.

In the instant case, the plaintiff became temporarily disabled in both his part-time and full-time employment but he was subsequently able to return to his full-time employment. However, the WCAB failed to distinguish between indefinitely

affected employment and temporarily affected employment. During the period that the plaintiff's disability affected both his full-time and part-time employment, the defendant was entitled to consider any wages the plaintiff earned in his full-time job when calculating the benefits due the plaintiff. However, when the plaintiff's full-time job was no longer affected by his disability, the defendant was no longer entitled to a credit for any wages the plaintiff earned in his full-time job. *Lahay, supra.* This does not result in a windfall to the plaintiff, as the defendant argues, because the hours the plaintiff works in his full-time employment may also not be considered to raise the plaintiff to a status of a full-time worker for the purpose of the defendant's calculation of benefits. As the Court pointed out in *Lahay, supra,* p 480:

"The result, then, is that an employee working at one full-time job and one part-time job will be considered a part-time employee under the act if his disabling injury affects only the part-time job, and in such case his average weekly wage would be calculated according to the first sentence of subsection 3 of the statute. [MCL 418.371(3); MSA 17.237(371)(3), prior to being amended by 1980 PA 357]."

We reverse the decision of the WCAB and remand this case for a redetermination of the plaintiff's average weekly wage, based solely upon the plaintiff's part-time employment with the defendant. The defendant is only entitled to credit for any additional wages the plaintiff receives from part-time employment from the defendant or from replacement part-time employment.

Reversed and remanded.