STEFANIK v GREAT ATLANTIC & PACIFIC TEA COMPANY, INC

Docket No. 59263. Submitted June 22, 1982, at Detroit.—Decided March 2, 1983.

Andrew Stefanik injured his back during the course of his employment with the Great Atlantic & Pacific Tea Company, Inc. (A & P). Three months later, after receiving treatment for back pain and receiving compensation payments from A & P, Stefanik informed A & P that he was quitting his job because of his back injury. Once Stefanik quit, A & P stopped paying benefits. Stefanik filed a petition for more benefits with the Bureau of Workers' Disability Compensation. A hearing referee ruled that Stefanik was entitled to the compensation benefits until further order of the bureau. A & P appealed to the Workers' Compensation Appeal Board. The WCAB affirmed the hearing referee's open award of benefits, ruling that A & P had failed to bear its burden of proving that Stefanik was no longer eligible for benefits. A & P appeals by leave granted. *Held:*

The WCAB erred in shifting the burden of proof from Stefanik to A & P. A claimant, in a *de novo* review before the WCAB, has the burden of proving his continuing eligibility for compensation benefits. The case is remanded to the WCAB for further findings of fact. On remand, the WCAB should determine whether Stefanik met his burden of proving that he continues to suffer from an injury which supports his claim for continuing benefits.

Reversed and remanded.

WORKERS' COMPENSATION — APPEAL BOARD — *DE NOVO* REVIEW — BURDEN OF PROOF.

A workers' compensation claimant who petitions the Bureau of Workers' Disability Compensation for additional benefits has the burden of proving his continuing eligibility for compensation benefits where the Workers' Compensation Appeal Board holds a *de novo* review of the claimant's petition after the bureau has approved additional benefits.

REFERENCE FOR POINTS IN HEADNOTE
82 Am Jur 2d, Workmen's Compensation § 639.

*Bockoff & Zamler, P.C.* (by *Richard A. Bockoff*), for plaintiff.

*Lacey & Jones* (by *Gerald M. Marcinkoski*), for defendant.

Before: CYNAR, P.J., and N. J. KAUFMAN and P. R. MAHINSKE,* JJ.

PER CURIAM. Defendant appeals by leave granted from a July 6, 1981, decision of the Workers' Compensation Appeal Board (WCAB) affirming an award of compensation to plaintiff.

On July 6, 1981, the WCAB affirmed the hearing referee's open award of benefits to plaintiff by a 2 to 1 vote. The majority ruled that defendant had failed to bear its burden of proving that plaintiff was no longer eligible for benefits. Defendant had not filed a petition to stop or decrease compensation benefits.

This Court is reviewing an issue of law, not fact, since it must be determined who bore the burden of proof before the WCAB on the following facts.

Plaintiff alleges that he experienced severe lower back pain while engaged in his employment with defendant on September 21, 1976. He returned to work the following day and notified his supervisor of the alleged back injury. The supervisor referred plaintiff to a medical treatment facility of defendant's choice and plaintiff was treated for back pain for approximately three months.

Plaintiff returned to work on November 7, 1976. Pain continued, and plaintiff was unable to work from November 11, 1976, to December 5, 1976. Plaintiff returned to work on December 6, 1976,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and notified his employer that he was quitting his job because of the back injury.

Defendant had voluntarily paid compensation benefits during both periods of plaintiff's absence from work. Defendant ceased paying compensation benefits after plaintiff terminated his employment. Thereafter, plaintiff filed a petition for additional benefits with the Bureau of Workers' Disability Compensation. While his case was pending, plaintiff enrolled in the course offered by CETA, a program sponsored by the federal government.

On August 2, 1979, a hearing referee ruled that plaintiff was disabled by a personal injury which was sustained in the course of his employment with defendant. Compensation was awarded to plaintiff from September 23, 1976, "until further order of the Bureau". On August 15, 1979, defendant filed an application for review of plaintiff's claim with the WCAB.

While the case was pending before the WCAB, defendant discovered that plaintiff had engaged in other employment and petitioned to take additional testimony. The proofs taken below indicate that plaintiff was dismissed after six weeks of such subsequent employment.

On July 6, 1981, as stated above, the WCAB affirmed the hearing referee's open award of benefits. In doing so, the WCAB ruled that defendant had failed to bear its burden of proving that plaintiff was no longer eligible for benefits.

After August 15, 1979, the WCAB had before it a *de novo* review of an open award of compensation. See *Kostamo v Marquette Iron Mining Co*, 405 Mich 105, 135; 274 NW2d 411 (1979). In such review, plaintiff retained the burden of proving his continuing eligibility for compensation benefits. See *Aquilina v General Motors Corp*, 403 Mich

206, 210-211; 267 NW2d 923 (1978); *Sanford v Ryerson & Haynes, Inc,* 396 Mich 630, 634-635; 242 NW2d 393 (1976).

The WCAB erred in shifting the burden of proof while making its factual findings. Accordingly, this case is remanded to the WCAB for further findings of fact. On remand, the WCAB should determine if the plaintiff met his burden of proving that he continues to suffer from an injury which supports his claim for continuing benefits.

Reversed and remanded.