LEIZERMAN v FIRST FLIGHT FREIGHT SERVICE

Docket No. 68345. Submitted February 22, 1984, at Detroit.—Decided June 18, 1984. Leave to appeal applied for.

The Workers' Compensation Appeal Board (WCAB) determined that plaintiff, Sylvan P. Leizerman, was disabled from his employment as a truck driver for defendant, First Flight Freight Service, for the period from August 15, 1978, to July 11, 1979. The determination was a slight modification of a hearing referee's decision finding that plaintiff's disability ended on June 15, 1979. The WCAB also affirmed the hearing referee's decision that defendant was not liable for the payment of benefits for those weeks in which plaintiff's earnings at his second job as a teacher exceeded $240 per week. The facts indicate that the injury received by the plaintiff while employed by the defendant has not interfered with his ability to teach and he remains employed as a teacher. The WCAB determined that § 371(1) of the Worker's Disability Compensation Act applied in this case where the plaintiff had two full-time jobs which were performed at different times of the year. The WCAB held that plaintiff had not established two simultaneous wage-earning capacities because, at the time of the accident, he had not been working both jobs at the same time but, rather, only worked for defendant while he was off summers from his teaching job. Plaintiff appeals by leave granted. *Held:*

1. The WCAB erred in determining that § 371(1) was applicable here. Plaintiff's impaired capacity as a truck driver is compensable regardless of the fact that plaintiff continues to teach.

2. Since defendant's liability could not have been increased had the injury also disabled plaintiff as a teacher, because his job as a teacher was not a substitute for his work as a truck driver, and since plaintiff had two earning capacities at the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 82 Am Jur 2d, Workmen's Compensation § 347 *et seq.*
[2] 82 Am Jur 2d, Workmen's Compensation § 367 *et seq.*
[3, 4] 82 Am Jur 2d, Workmen's Compensation §§ 549 *et seq.,* 613 *et seq.*

time of the injury, only one of which was affected by the disability, § 371(1) does not apply and this case is remanded to the WCAB for a redetermination of weekly benefits without applying § 371(1).

3. The WCAB's findings are clearly supported by competent evidence and must be affirmed.

Affirmed in part, reversed in part, and remanded with directions.

1. WORKERS' COMPENSATION — WAGE-EARNING CAPACITY — LOST WAGES.

Workers' compensation disability benefits are intended to compensate for a loss of wage-earning capacity, not the loss of wages.

2. WORKERS' COMPENSATION — WEEKLY WAGE LOSS — ANOTHER EMPLOYMENT.

The workers' compensation provision regarding the determination of the weekly wage loss, which provides that the compensation payable, when added to the employee's wage-earning capacity after the injury in the same or another employment, shall not exceed his average weekly earnings at the time of such injury, does not apply where the employee had two wage-earning capacities at the time of the injury, only one of which is affected by the disability; the term "another employment" appearing in the statute has been interpreted as referring only to employment which the employee has undertaken because his disability prevented him from continuing in the original job (MCL 418.371[1]; MSA 17.237[371][1]).

3. WORKERS' COMPENSATION — WORKER'S COMPENSATION APPEAL BOARD — FINDINGS.

A finding of disability in a workers' compensation action may be based solely on the claimant's testimony, however, the Workers' Compensation Appeal Board is not conclusively bound by the employee's claim of disability; while lay testimony may not be ignored, it also need not be believed or adopted by the board as dispositive.

4. WORKERS' COMPENSATION — WORKER'S COMPENSATION APPEAL BOARD — FINDINGS — APPEAL.

The findings of the Workers' Compensation Appeal Board must be affirmed on appeal in the absence of fraud where there is any competent evidence to support the findings.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Rodger G. Will),* for plaintiff.

*William G. Sinn & Associates, P.C.* (by *Gilbert M. Chinitz),* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and MAC-KENZIE and E. A. QUINNELL,* JJ.

E. A. QUINNELL, J. Plaintiff appeals by leave granted from an order of the Workers' Compensation Appeal Board (WCAB). The WCAB determined that plaintiff was disabled from his employment as a truck driver for the period of August 15, 1978, to July 11, 1979, inclusive. This judgment constituted a slight modification of the decision of the hearing referee who had found that plaintiff's disability had ended on June 15, 1979. The WCAB also affirmed the hearing referee's decision that defendant was not liable for the payment of benefits for those weeks in which plaintiff's earnings at his second job as a teacher exceeded $240 per week. The underlying facts pertinent to this dispute follow.

Plaintiff has been employed as a teacher since 1968. Beginning in 1971, plaintiff also began working, during the summer recess, as a truck driver for defendant. The work with defendant included loading and unloading trucks, and processing and delivering freight. In late July or early August, 1978, plaintiff was injured when he attempted to lift open the back door of a truck. Plaintiff experienced pain across his lower back and groin. A hernia resulted, which was subsequently repaired and is not a factor in plaintiff's claim of disability. However, plaintiff claims that his back is tender to this day, and he uses heat treatments and muscle relaxers to relieve the pain.

Despite his injury, plaintiff continued working

---

* Circuit judge, sitting on the Court of Appeals by assignment.

until the end of the summer of 1978, at which time he returned to teaching. The injury has not interfered with his ability to teach. Moreover, from June, 1979, until March, 1980, plaintiff worked at both his teaching and trucking jobs. As to his job with defendant, the injury forced plaintiff to modify the manner in which he worked; he avoided heavy lifting and made use of a hi-lo. Plaintiff's last day of work with defendant was April 4, 1980, at which time he was laid off. Plaintiff remains employed as a teacher. Other facts will be set forth where relevant to the specific issues raised by plaintiff.

Plaintiff's sole meritorious claim on appeal is that the WCAB committed legal error in determining that he was not entitled to workers' compensation benefits for those weeks in which his weekly earnings as a teacher exceeded $240. In reaching this determination, the WCAB relied upon the last sentence of MCL 418.371(1); MSA 17.237(371)(1), which stated at the time of plaintiff's injury: "The compensation payable, when added to his [the employee's] wage earning capacity after the injury in the same or another employment, shall not exceed his average weekly earnings at the time of such injury."[1] The WCAB held that plaintiff had not established two simultaneous wage-earning capacities because, at the time of the accident, he had not been working both jobs at the same time but, rather, only worked for defendant while he was off summers from his teaching job.

This appeal raises an issue of first impression as

[1] The current version of MCL 418.371(1); MSA 17.237(371)(1) would not lead to a different result. The last sentence of this provision now reads: "The compensation payable, when added to the employee's wage earning capacity after the personal injury in the same or other employments, shall not exceed the employee's average weekly earnings at the time of the injury."

no prior appellate decision has addressed the applicability of MCL 418.371(1); MSA 17.237(371)(1) in a case in which at the time of the injury the plaintiff had two full-time jobs which were performed at different times of the year. Nonetheless, we believe that existing precedents provide us with substantial guidance and compel the reversal of the WCAB's determination that MCL 418.371(1); MSA 17.237(371)(1) is applicable here.

In *Bowles v James Lumber Co,* 345 Mich 292; 75 NW2d 822 (1956), in construing the precursor to the current statutory provisions,[2] the Supreme Court interpreted the "another employment" phrase appearing in the statute as referrring only to employment which the employee has undertaken because his disability prevented him from continuing in the original job. In *Bowles,* the claimant suffered the loss of a thumb which disabled him in his part-time employment. However, this injury did not disable the claimant in his full-time job. The Court held that the claimant's earnings in the full-time job could not be considered in determining the amount of compensation benefits payable as a result of the disability in the part-time job, reasoning that, since the employer's liability could not be increased by taking into consideration the earnings on the other job, neither could the other earnings be used to decrease liability. See, also, *Lahay v Hastings Lodge No 1965 BPOE,* 398 Mich 467, 479-480; 247 NW2d 817 (1976) (part-time and full-time jobs performed concurrently, rather than in succession as here, which held MCL 418.371(1); MSA 17.237(371)(1) only applies to a worker who obtains substitute employment to replace the job from which he is disabled); *Morris v Metals Engineering Manufacturing Co,* 122 Mich App 404; 332 NW2d 495 (1983).

---

[2] The provision was embodied in MCL 412.11; MSA 17.161.

Workers' compensation disability benefits are intended to compensate for a loss of wage-earning capacity, not the loss of wages. See, *e.g., Sims v R D Brooks, Inc,* 389 Mich 91, 93; 204 NW2d 139 (1973). Thus, in *Hairston v Firestone Tire & Rubber Co,* 404 Mich 104; 273 NW2d 400 (1978), where the claimant had two full-time jobs and wage-earning capacities, the Court held that where the claimant was injured on each and disabled from both he was entitled to full compensation from each employer. Clearly, then, plaintiff's impaired capacity as a truck driver is compensable regardless of the fact that plaintiff continues to teach.

Since defendant's liability could not have been increased had the injury also disabled plaintiff as a teacher, since plaintiff's job as a teacher was not a substitute for his work as a truck driver but, rather, was an independent employment performed during his summers, beginning long before the injury, and since, as the WCAB implicitly found, plaintiff had two earning capacities at the time of the injury, only one of which was affected by the disability, we reverse the WCAB's determination that MCL 418.371(1); MSA 17.237(371)(1) applies here. We remand this case to the WCAB so that it may redetermine the weekly benefits to which plaintiff is entitled without applying MCL 418.371(1); MSA 17.237(371)(1).

We briefly address plaintiff's other claims on appeal. Plaintiff asserts that, in finding his recovery on July 11, 1979, the WCAB delegated its fact-finding responsibilities to the medical experts. This is simply not supported by the record. The WCAB's opinion clearly weighs the medical testimony, as well as the other evidence, and concludes that plaintiff was disabled only until July 11, 1979.

In support of this contention, plaintiff cites *Da-*

*tion v Ford Motor Co,* 314 Mich 152, 157; 22 NW2d 252 (1946), in which the Supreme Court found unconstitutional a provision of the Worker's Disability Compensation Act permitting the WCAB to appoint a three-member medical panel empowered to make conclusive findings concerning the employee's physical condition. The *Dation* scheme is no longer in existence.

Plaintiff also argues that the holding of *Sanford v Ryerson & Haynes, Inc,* 396 Mich 630; 242 NW2d 393 (1976), has been violated since that case held that a finding of disability may be based solely on the claimant's testimony. While we have no quarrel with this proposition, *Sanford* does not hold that the WCAB is conclusively bound by the employee's claim of disability, regardless of the evidence to the contrary, as plaintiff here seems to argue. While lay testimony may not be ignored, it also need not be believed or adopted by the WCAB as dispositive. *Kostamo v Marquette Iron Mining Co,* 405 Mich 105, 131; 274 NW2d 411 (1979).

Plaintiff also argues that the WCAB's conclusion that he was disabled from his employment with defendant only through July 11, 1979, as a consequence of a work-related injury is unsupported by the evidence. The WCAB's findings of fact are conclusive in the absence of fraud if there is any competent evidence to support the findings. *E.g., Fuchs v General Motors Corp,* 118 Mich App 547, 552; 325 NW2d 489 (1982).

Plaintiff contends that the testimony of both medical experts establishes that strain on his back experienced during his employment with defendant aggravated an underlying congenital condition and resulted in disability. In fact, Dr. Francis Baker testified that, although plaintiff should not lift over 25 pounds, this was because of his congen-

ital back structure and not because of any injury sustained at work which caused a disability. While Dr. Gerald Benaderet believed that the lifting required by plaintiff's employment "further created" a back problem which disabled plaintiff, he agreed that plaintiff had a congenital back problem, and, for this reason alone, plaintiff would be unwise to do heavy lifting. Dr. Benaderet found plaintiff to be asymptomatic on November 30, 1979, and Dr. Baker found no objective indicia of disability on July 11, 1979. The WCAB's findings are clearly supported by competent evidence and must be affirmed.

Affirmed in part, reversed in part, and remanded to the WCAB for proceedings consistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full.