802 F.2d 458
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ALGIS L. LAPSYS, Plaintiff-Appellant
v.
PEAT MANUFACTURING COMPANY, a California corporation;
WYNN'S INTERNATIONAL, INC., a Delaware
corporation, Defendants-Appellees.
 No. 85-1755.
 United States Court of Appeals, Sixth Circuit.
 Aug. 25, 1986.
 
 Before: KENNEDY, WELLFORD and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 WELLFORD, Circuit Judge.
 
 
 2
 Plaintiff-appellant, Aligs L. Lapsys, appeals from the order granting summary judgment for defendants-appellees, Peat Manufacturing Company ("Peat") and Wynn's International, Inc. ("Wynn's"), and dismissing his complaint in this misrepresentation action. The District Court dismissed the action on the grounds of res judicata because plaintiff raised or could have raised the claim in an earlier arbitration proceeding or in an earlier lawsuit that plaintiff filed in the District Court. For the reasons stated below, we affirm.
 
 
 3
 Lapsys was a consultant, then full-time employee, then manufacturer's representative for Cragar Industries, Inc. ("Cragar"), a wholly-owned subsidiary of Wynn's.[1] Cragar was engaged in the business of manufacturing aluminum wheels for the automotive aftermarket, in which car buyers alter the original equipment on cars to suit their tastes and needs. Since Cragar wanted to enter the original equipment market, Cragar engaged Lapsys to handle sales to automobile manufacturers. Lapsys obtained orders for Cragar, but Cragar never manufactured the wheels. Since the orders were eventually canceled, Lapsys did not receive commissions on the orders he obtained for Cragar. Peat, as the successor to Cragar, eventually terminated Lapsys' manufacturer's representative contract.
 
 
 4
 Lapsys asserted a claim for commissions on the orders he had obtained for Cragar. In compliance with a provision in the sales representative contract, the parties submitted the claim to arbitration. The arbitrators found that since Cragar had not received any payments for the wheels ordered, Cragar did not owe Lapsys any commissions under the terms of the contract. The Oakland County (Michigan) Circuit Court entered an order confirming the arbitration award.
 
 
 5
 While the arbitration was pending, however, Lapsys filed a complaint against Wynn's and Cragar in the United States District Court for the Eastern District of Michigan, Lapsys v. Wynn's International, Inc., No. 83-CV-4148-DT ("Lapsys I"), asserting that Cragar had breached its contract to pay him commissions by failing to deliver the wheels that the automobile manufacturers had ordered. The complaint additionally alleged that Wynn's caused Cragar to breach the contract with Lapsys. Both Cragar and Wynn's moved to dismiss the complaint. After granting Cragar's motion for summary judgment, the District Court granted Lapsys leave to amend his complaint to establish a theory of Wynn's liability independent of his manufacturer's representative contract with Cragar. Lapsys filed an amended complaint. Wynn's again moved to dismiss the complaint or for summary judgment. The District Court granted the motion to dismiss. Lapsys did not appeal either order of dismissal.
 
 
 6
 Lapsys then brought the present action in Oakland County Circuit Court to recover damages from Peat and Wynn's for misrepresentations that they allegedly made to him concerning their intentions and ability to manufacture and deliver original equipment aluminum wheels for the automotive industry. Defendants removed the action to United States District Court, Lapsys v. Peat Manufacturing Company, No. 85-72734 ("Lapsys II"), and moved for dismissal or for summary judgment on the ground that the misrepresentation action was barred by res judicata and collateral estoppel and by the terms of the manufacturer's representation contract. The District Court held that res judicata and/or collateral estoppel barred Lapsys II because Lapsys either raised or could have raised the claims set out in Lapsys II in the arbitration proceeding and/or in Lapsys I.
 
 
 7
 Under Michigan law, the doctrine of res judicata bars litigation of any issues arising out of a transaction that was the subject of an earlier proceeding, whether or not the parties actually litigated those issues. Although Lapsys argues that Michigan law restricts the application of res judicata to only those issues actually litigated in the first proceeding, the more recent Michigan decisions do not support that position. In Gose v. Monroe Auto Equipment Company, 409 Mich. 147, 294 N.W.2d 165 (1980), the Supreme Court of Michigan stated:
 
 
 8
 Our opinions have endorsed both a narrow and a broad application of the rule [of res judicata]. Narrow application bars a second action only if the same question was actually litigated in the first proceeding. Broad application bars as well those claims arising out of the same transaction which plaintiff could have brought, but did not. In recent opinions, we have acknowledged the conflicting language and opted for the broad rule.
 
 
 9
 Id. at 160, 294 N.W.2d at 167 (footnotes and citations omitted) (emphasis added). See also Cramer v. Metropolitan Savings Association, 135 Mich. App. 387, 394, 357 N.W.2d 51, 54 (1984); Carter v. Southeastern Michigan Transit Authority, 135 Mich. App. 261, 263, 351 N.W.2d 920, 921 (1984). Consequently, under Michigan law, res judicata bars not only claims litigated in an earlier proceeding but also claims which a plaintiff could have brought but did not bring in the earlier proceeding.
 
 
 10
 Lapsys' misrepresentation claim arose out of the same transaction as that involved in Lapsys I, namely his relationship with Cragar and its failure to produce the wheels that the automobile manufacturers had ordered from Lapsys and to pay commissions to him on those orders. Since Lapsys had more than a full and fair opportunity to raise a misrepresentation claim in Lapsys I, we hold that res judicata bars Lapsys II. Before the District Court dismissed his complaint in Lapsys I, the District Court gave Lapsys the opportunity to file an amended complaint to establish a theory of liability against Wynn's independent of the manufacturer's representative contract. Lapsys admits that he proceeded under a tortious interference with contract theory in his amended complaint. If Lapsys wanted to proceed under a misrepresentation theory, he had to present that theory in Lapsys I. Under Michigan law, Lapsys cannot now proceed under a misrepresentation theory.
 
 
 11
 Accordingly, we affirm the judgment of the District Court.
 
 
 12
 WELLFORD, Circuit Judge, concurring separately.
 
 
 13
 I agree with the reasoning expressed in the per curiam decision. I would affirm, however, on still another basis.
 
 
 14
 Lapsys, appellant, and Peat Manufacturing Company (Peat), formerly Cragar Industries, Inc., (Cragar) entered into a sales representative agreement in 1982 which contained the following paragraph:
 
 
 15
 14. Arbitration. Any controversy or claim arising out of or relating to this Agreement shall be settled by arbitration in the City of Detroit, Michigan, in accordance with the rules then obtaining of the American Arbitration Association, and judgment upon the award rendered may be entered in any court in the State of Michigan having jurisdiction thereof.
 
 
 16
 The language of the above provision is very broad and requires that any controversy between the parties be settled by arbitration. Lapsys initiated arbitration, as he had agreed, and was represented by counsel in the proceedings, who made broad assertions to the arbitrator about what was owed his client by reason of wrongful acts of Cragar, now appellee. Lapsys' counsel conceded that all prior agreements between the parties were merged into this sales representative agreement and he complained that Cragar breached the agreement by reason of its wrongful conduct and therefore owed his client substantial sums. In his statement of his case to the arbitrator, the counsel for Lapsys referred to what he claimed were misrepresentations by Cragar and also by the holder of its stock, Wynn's International, Inc., also an appellee.
 
 
 17
 It appears that the arbitrator decided all the issues submitted in favor of appellee (then respondent Crager Industries). Clearly, any other "controversy" or "claim arising out of or related to" the agreement was to be submitted to arbitration. What was alleged subsequently in the state court in May 1985 was essentially a reiteration of what was stated and claimed in the arbitration proceeding. I would find Lapsys collaterally estopped from now proceeding on essentially the same grounds in a subsequent court proceeding to assert claims and raise issues arising out of his agreement that provided for mandatory arbitration.
 
 
 18
 For this additional reason I join in the affirmance of the district court.
 
 
 
 [1]
 In 1982, Wynn's sold Cragar's assets and changed Cragar's corporate name to Peat. Consequently, Peat is a named defendant in this suit